Filed 5/14/14  Mohammed v. Mohammed CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| HUSNA MOHAMMED,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MOHSIN MOHAMMED et al.,<br><br>Defendants and Appellants. | B244755<br><br>(Los Angeles County<br>Super. Ct. No. BC462131) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Mel Red Recana, Judge.  Vacated with directions.

Pythis William-Anthony for Defendants and Appellants.

Law Offices of Dilip Vithlani and Dilip Vithlani for Plaintiff and Respondent.

_____

Husna Mohammed filed this action for partition and accounting against her brother, Mohsin Mohammed, and his wife, Dilruba Mohammed.[1] Husna dismissed her accounting claim, and the superior court conducted a bench trial and resolved the partition action in her favor. Mohsin and Dilruba appeal. Although we conclude that all of Mohsin and Dilruba's arguments on appeal lack merit, we have identified an error in the judgment that requires us to vacate and remand for further proceedings. The judgment appears to adjudicate the (putative) interest of a nonparty, namely, Husna and Mohsin's father. That is impermissible. We leave it up to the parties and the superior court on remand to decide whether to amend the judgment in order to remove the appearance that it adjudicates the interest of a nonparty, or to join the father as a defendant and allow him to litigate his (putative) interest.

BACKGROUND

Husna filed suit against Mohsin and Dilruba, alleging claims for partition and accounting with respect to a piece of real property "commonly known as 4192 West Broadway, Hawthorne, CA 90250" (the Property). Husna alleged that she and her brother, Mohsin, owned the Property as tenants in common, with Husna owning a 75 percent interest and Mohsin owning a 25 percent interest. She further alleged that Dilruba is Mohsin's wife.

Husna alleged that "[t]he Property is a multi-unit dwelling consisting of Units A through E," and that "Unit A is a self-contained home that is separated from the main building . . . and is the largest of all the units in the building." She alleged that Mohsin leased Unit A to Exodus Recovery, which subleased Unit A to one of its own subsidiaries to be used as housing for "mentally challenged individuals." According to the complaint, Mohsin "collects in excess of $2,000.00 in rent per month from Exodus Recovery."

Mohsin and Dilruba answered and asserted several affirmative defenses. The second putative affirmative defense merely described Mohsin and Dilruba's version of

---

[1]     Because the parties share a last name, we will refer to them by their first names in order to avoid confusion. No disrespect is intended.

2

the relevant facts, and it stated that Husna and Mohsin's father, Ahsan Mohammed,[2] has a life estate in Unit A, which "has been rented out to Exodus Foundation for the monthly sum of $2,000.00." Attached to the answer was a document signed by Mohsin under penalty of perjury, in which he stated that he owned a 25 percent interest in "the property located at 4192 W. Broadway, Hawthorne, California, 90250" and granted to Ahsan "a life estate in the property," which "will allow [Ahsan] to have exclusive use of said property in any manner he sees fit."

Husna dismissed her accounting claim before trial, and the partition claim was tried to the court over two days. No court reporter was present, so we have no record of the testimony or other oral proceedings at trial. (The court directed the parties to submit written summaries of the trial testimony; Mohsin and Dilruba apparently did not do so, but Husna did, and her summary is included in the record on appeal.) Ahsan has never been joined as a defendant in this action, but he testified at trial and was represented by counsel for that purpose.

The court issued a tentative decision in favor of Husna and directed her to prepare a proposed statement of decision. Mohsin and Dilruba filed written objections to the proposed statement of decision, Husna filed a written response to the objections, and Mohsin and Dilruba filed a reply. Mohsin and Dilruba's opposition included a declaration by Ahsan, in which he asserted that he owns a life estate in Unit A of the Property and that he is "an indispensable party in this matter." The court overruled the objections and adopted the proposed statement of decision.

In its statement of decision, the court found that Husna and Mohsin own the Property as tenants in common, with Husna owning a 75 percent interest and Mohsin owning 25 percent. The court also found that "over the last four years," Ahsan "has retained all the rents from the tenant in Unit A (Exodus), and such rents have not been shared with [Husna]." On the issue of partition, the court determined that "uncontroverted evidence at trial supports the remedy of partition by sale," and the court

---

[2] Because Ahsan Mohammed shares a last name with plaintiff and defendants, we will refer to him by his first name in order to avoid confusion. No disrespect is intended.

cited numerous grounds for its conclusion that "a physical partition is inequitable, prejudicial, and unlikely to be approved by the City." The court found that the Property is worth $500,000 and directed Mohsin to sell his 25 percent interest in the Property to Husna based on that value, after crediting Husna for Mohsin's share of various tax and insurance payments Husna had made for the benefit of the Property.

The court entered judgment accordingly. The judgment orders defendants to sell their 25 percent interest in the Property to Husna "for $125,000, being 25% of the appraised value of $500,000.00." The judgment further provides that "upon tender of payment by Plaintiff to Defendants the sum of $118,538.50 (calculated as follows: $125,000.00 less $1,900.00 as discovery sanction, less $4,471.50 as contributions by Defendants to Plaintiff towards property taxes and insurance) less any costs and fees the Court may approve upon filing of a noticed motion by Plaintiff, Defendants are to execute a Grant Deed in favor of Plaintiff transferring their 25% interest to the Plaintiff." In addition, the judgment states the following: "The Court further Orders that upon transfer of title, all rent receipts from the tenant in Unit A (Exodus Recovery) shall belong to the Plaintiff and Defendants are ORDERED to provide Plaintiff with all relevant information about the tenant which is necessary to allow Plaintiff [to] assume the role of landlord in place of Defendants."

Husna moved for apportionment of attorney fees and costs according to the parties' ownership interests in the Property, seeking a total award of $11,121.40 (25 percent of the $44,485.60 that she had expended on fees and costs). The court granted the motion over Mohsin and Dilruba's opposition and entered an amended judgment reflecting the fees and costs award. Mohsin and Dilruba timely appealed.

4

STANDARD OF REVIEW

We review the trial court's conclusions of law de novo, and we review its findings of fact under the substantial evidence standard. (*Crocker National Bank v. City and County of San Francisco* (1989) 49 Cal.3d 881, 888.) In order to prevail, an appellant must demonstrate both that the trial court's decision was erroneous (under the applicable standard of review) and that the error was prejudicial. (*State Farm Fire & Casualty Co. v. Pietak* (2001) 90 Cal.App.4th 600, 610; *In re Marriage of McLaughlin* (2000) 82 Cal.App.4th 327, 337.)

DISCUSSION

Defendants raise numerous arguments on appeal. We conclude that each of them lacks merit.

First, defendants argue that Husna has no right to partition of the entire Property because she owns only Units B through E, while Mohsin owns Unit A. The record reflects that defendants advocated the same position in the trial court—they contended that Mohsin owns Unit A (rather than a 25 percent interest in the entire Property) and Husna owns Units B through E (rather than a 75 percent interest in the entire Property). The trial court resolved that factual dispute in favor of Husna, expressly finding that Husna owns a 75 percent interest in the Property, Mohsin owns a 25 percent interest, and they are tenants in common. The court's factual finding is supported by substantial evidence, namely, the title documents (and also the judgment in Husna and Mohsin's parents' marital dissolution action) that were introduced at trial and included in the record on appeal. We accordingly must affirm the trial court's finding.[3]

Second, defendants argue that Ahsan, "his Life Estate," and "his tenant Exodus Recovery" are not bound by the judgment, because they were not joined as defendants. The argument that they are not bound by the judgment is not an argument that the trial

---

[3]    In connection with this argument, defendants appear to argue that the trial court's denial of Husna's motion for summary adjudication somehow made it improper for the court to find in Husna's favor on her partition claim after trial. We disagree. The trial court denied the summary adjudication motion because there were disputed issues of material fact. After trial, the court resolved those disputes in favor of Husna.

court erred, let alone prejudicially erred, so it is of no consequence on appeal. Insofar as defendants are arguing that the trial court erred by failing to join indispensable parties, we deem the issue forfeited because it was not timely raised below. Failure to join an indispensable party is a mere pleading defect that is forfeited if not raised by demurrer or answer or at trial. (See *McKeon v. Hastings College* (1986) 185 Cal.App.3d 877, 889.) A contrary rule would encourage gamesmanship and waste judicial resources—a defendant who knew of an absent but indispensable party would be free to remain silent about the issue and litigate the matter anyway, knowing that if the plaintiff prevailed, the defendant could then raise the issue of the indispensable party and thereby obtain a retrial. We are aware of no authority allowing for such a result, and defendants cite none. Defendants never contended in the trial court that Ahsan (or "his Life Estate" or "his tenant") was an indispensable party, and they never sought to have him joined. (In his declaration in response to the proposed statement of decision, Ahsan contended that he was an indispensable party, but he never sought to intervene.) We conclude that defendants have forfeited the issue of failure to join indispensable parties.

Third, defendants argue that Dilruba was improperly joined as a defendant because she neither owns nor claims any interest in the Property. Defendants do not contend that they ever raised this issue in the trial court, and we have found nothing in the record on appeal indicating that they did. We therefore deem the issue forfeited. (See, e.g., *Brown v. Boren* (1999) 74 Cal.App.4th 1303, 1316-1317.) In addition, "any reference to a matter in the record" must be supported by a proper citation to the record (Cal. Rules of Court, rule 8.204(a)(1)(C)), and we "need not consider" such matters if no such citation is given (*City of Lincoln v. Barringer* (2002) 102 Cal.App.4th 1211, 1239 & fn. 16). Defendants cite nothing in the record in support of their contention that Dilruba neither owns nor claims any interest in the Property, so for that additional reason we need not consider the matter.

Fourth, defendants argue that the trial court prejudicially abused its discretion by ordering partition by sale (i.e., sale of Mohsin's 25 percent interest in the Property to Husna) instead of partition in kind (i.e., Unit A to Mohsin and Units B through E to

6

Husna). The argument lacks merit. The trial court made extensive factual findings in support of its determination that partition in kind would be "inequitable, prejudicial, and unlikely to be approved by the City." Defendants do not argue that those findings were not supported by substantial evidence. Moreover, in the absence of a reporter's transcript of the trial, such an argument is foreclosed. (See, e.g., *Nielsen v. Gibson* (2009) 178 Cal.App.4th 318, 324.) Nor do defendants argue that, given the court's factual findings, its determination that partition in kind would be "inequitable, prejudicial, and unlikely to be approved by the City" constituted an abuse of discretion. Accordingly, we must reject defendants' contention that ordering partition by sale constituted an abuse of discretion.

Fifth, defendants argue that the trial court prejudicially abused its discretion by ordering only the sale of Unit A rather than the sale of the entire Property. The argument fails because, among other reasons, it rests upon the incorrect assumption that the trial court ordered only the sale of Unit A. The court found as a matter of fact (supported by substantial evidence) that, as tenants in common, Mohsin owned a 25 percent interest in the Property and Husna owned a 75 percent interest, and the court ordered Mohsin to sell his interest to Husna. The court did not find that anyone owned only certain units and did not order the sale of only certain units.

Sixth, defendants argue on the basis of *Butte Creek Island Ranch v. Crim* (1982) 136 Cal.App.3d 360 (*Butte Creek*) that if partition by sale is ordered, the entire Property must be sold. Defendants provide no page citation to *Butte Creek* in support of the argument, and we have found no support for it in *Butte Creek*. The applicable statutes grant the court ample discretion to order the type of sale that was ordered here. (See Code Civ. Proc., §§ 872.810-872.830.)

Seventh, defendants rely on *Butte Creek* for the proposition that Husna failed to introduce sufficient evidence to justify partition by sale rather than partition in kind. We disagree. Under *Butte Creek*, partition in kind is not appropriate if the property cannot be divided in proportion to the ownership interests. (*Butte Creek Island Ranch v. Crim*, *supra*, 136 Cal.App.3d at p. 366.) Here, the trial court expressly found that the

7

Property "cannot be physically divided in proportion to the ownership interests without prejudice to both sides because Unit A is only 19% (1077/5530) of the total property square footage." Defendants do not (and, without a reporter's transcript of the trial, cannot) argue that the court's factual findings on that issue are unsupported by substantial evidence.

Eighth, defendants argue that the trial court prejudicially erred by determining that the value of the Property is $500,000. Again, because there is no reporter's transcript of the trial, defendants cannot raise a substantial evidence challenge to the trial court's factual findings concerning the value of the Property. In any event, defendants concede that a witness called by Husna testified that the Property was worth $500,000, which constitutes substantial evidence supporting the court's factual finding, and defendants do not argue that the court abused its discretion by admitting that testimony. Defendants also argue that the court erred by ordering the sale of Mohsin's interest to Husna on the basis of the $500,000 valuation rather than ordering the sale of the entire Property on the open market. Defendants cite no legal authority for that argument, so we need not consider it. (See, e.g., *Dabney v. Dabney* (2002) 104 Cal.App.4th 379, 384 ["We need not consider an argument for which no authority is furnished"].)

Ninth, defendants argue that because Mohsin purportedly granted his father a life estate in Unit A of the Property, Mohsin holds only a remainder interest and consequently should not have been held liable for a share of the taxes and insurance on the Property. This argument too depends upon the erroneous premise that Mohsin's sole interest in the Property was that he owned Unit A. Again, the trial court found as a matter of fact, supported by substantial evidence, that Mohsin owned a 25 percent interest in the entire Property. Mohsin does not contend that he granted Ahsan a life estate in the entire Property, so Mohsin's argument that he is not liable for a share of the taxes and insurance on the Property lacks merit. In addition, the authorities cited by defendants do not support the proposition that if Mohsin held only a remainder interest he would not be liable for taxes and insurance.

8

Tenth, defendants argue that the apportionment of attorney fees was improper because the judgment is interlocutory, the fees were not incurred for the common benefit of the parties, and Mohsin holds only a remainder interest. The judgment is not interlocutory (if it were, we would have to dismiss defendants' appeal, because an interlocutory judgment is not appealable), and defendants present no intelligible argument to the contrary. Defendants' only argument concerning common benefit is that the trial court valued the Property at $500,000, which defendants believe is too low. As we have already noted, the trial court's valuation of the Property is supported by substantial evidence, and it is in any event irrelevant to the issue of common benefit. The trial court found as a matter of fact, supported by substantial evidence, that the parties have been at odds over the use of the Property ("there is no serious dispute that parties are not getting along"). The resolution of that conflict concerning the Property by means of a partition action was therefore for the common benefit of the parties. And the argument concerning Mohsin's putative remainder interest fails for the reason already given—Mohsin held a 25 percent interest in the entire Property, so his contention that his only interest in the Property was a remainder interest in Unit A is not correct.

Eleventh, defendants argue that because Husna dismissed her accounting claim, she should not receive credit, in her purchase of Mohsin's interest in the Property pursuant to the judgment, for having paid Mohsin's share of taxes and insurance in previous years. Defendants cite no legal authority for this argument (which appears on its face to be meritless), so we need not consider it.

Twelfth and finally, defendants argue that the trial court prejudicially erred by failing to state on the record its reasons for overruling defendants' objections to the proposed statement of decision. Defendants cite no legal authority for this argument, so we need not consider it. In addition, defendants do not specifically discuss or even mention any of their 39 objections, so they have not shown that any one of those objections was so meritorious that overruling it constituted an abuse of discretion. They have accordingly not shown that the trial court's failure to specify its reasons was prejudicial, even if that failure was erroneous.

9

Despite defendants' failure to advance any meritorious arguments for reversal, we reluctantly conclude that we cannot simply affirm the judgment in its entirety. The trial court found that Ahsan has been receiving all of the rent money generated by Unit A for four years, and the record on appeal reflects that Ahsan claims to hold a life estate in Unit A. The judgment provides that henceforth the rent shall no longer be paid to Ahsan but rather "shall belong to the Plaintiff." But Ahsan is not and has never been a party to this litigation. The judgment thus appears to adjudicate a nonparty's (putative) interest in the Property—Ahsan, who is not a party, has been receiving rent on Unit A and claims to hold a life estate in that unit, but the judgment provides that the rent money will no longer be paid to him. That is improper. (See, e.g., *Ikerd v. Warren T. Merrill & Sons* (1992) 9 Cal.App.4th 1833, 1842-1843.)

Having identified this error, however, we do not wish to tie the hands of the trial court or the parties in determining the most appropriate remedy. On the one hand, they may wish to amend the judgment in order to remove any appearance that it adjudicates the (putative) interest of a nonparty. On the other hand, they may wish to join Ahsan as a defendant so that his (putative) interest in the Property may be litigated and determined.[4] We accordingly vacate the judgment and remand for further proceedings consistent with this opinion, leaving it to the trial court and the parties to determine which course they wish to pursue.

We emphasize that there are no previously tried issues for which a retrial is either necessary or permitted. In particular, Mohsin's interest in the Property has been fully

---

[4] We note that insofar as the only interest Ahsan claims is the life estate for the exclusive use of Unit A that Mohsin purportedly granted, we are skeptical that any such interest exists. The trial court found (and we, by this opinion, affirm) that Mohsin and Husna owned the Property as tenants in common, with Mohsin owning a 25 percent interest in the entire Property and Husna owning a 75 percent interest in the entire Property. "Each tenant in common equally is entitled to share in the possession of the entire property and neither may exclude the other from any part of it." (*Zaslow v. Kroenert* (1946) 29 Cal.2d 541, 548.) Thus, to the extent that Mohsin purported to grant Ahsan the right to the exclusive use of some or all of the Property, it appears that Mohsin lacked the power to do so, rendering the grant void.

10

litigated and determined, and, by this opinion, that determination is being affirmed on appeal. On remand, either Ahsan will be joined as a defendant and his (putative) interest in the Property (which was not previously litigated) will be resolved, or the judgment will be amended to remove any appearance that it adjudicates his (putative) interest.

## DISPOSITION

The judgment is vacated and the case remanded for further proceedings consistent with this opinion. Respondent shall recover her costs of appeal.

NOT TO BE PUBLISHED.

ROTHSCHILD, Acting P. J.

We concur:

CHANEY, J.

MILLER, J.*

---

\* Judge of the Los Angeles Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.