[Civ. No. 11428. First Appellate District, Division Two.—October .8, 1940.]

LOUIS DELLA SANTINA, Respondent, v. GENERAL PETROLEUM CORPORATION OF CALIFORNIA (a Corporation) et al., Appellants.

Bronson, Bronson & McKinnon for Appellants.

Ingemar E. Hoberg and Anderlini & Molinari for Respondent.

NOURSE, P. J.—Plaintiff recovered a judgment on the verdict for damages for personal injuries arising out of defendants' negligence. The appeal from the judgment is confined to the asserted irregularity of the proceedings in the jury room, hence, no statement of facts or of the issues involved in the trial is necessary.

The jury retired after complete instructions with two forms of verdict which were given them by the clerk. One form was to be used if the jury found for the plaintiff, the other to be used if the finding was for the defendants. After some deliberation the foreman called the bailiff and asked him: "Where is the third form of verdict?" The bailiff replied: "There are only two forms of verdict and the judge has instructed you upon them and those are the only ones you can use." These circumstances the appellants assert were prejudicial to them and to substantiate their claims they rest their argument upon the ground that prejudice must be presumed from the fact of irregularity alone. There is therefore just one question which needs discussion and that is whether in this jurisdiction prejudice must be shown to justify a reversal, or whether it will be sufficient to show that error occurred and that it will then be presumed, from the irregularity of the proceedings alone, that the error is prejudicial.

Section 4½ of article VI of the Constitution declares that a judgment shall not be reversed because of error as to any matter of procedure unless the court shall be of the opinion, upon a review of all the evidence, that the error has resulted in a miscarriage of justice. The appellants frankly concede that they have not been able to show what other form of verdict the foreman had in mind, and they have not been able to show that the bailiff's reply to the foreman's inquiry had any influence upon the verdict either favorable or unfavorable to their interests. They have not made any showing of fact which would justify this court in concluding that the asserted error resulted in a miscarriage of justice.

It has been said that the prevailing rule requires the reviewing court to presume the error to be prejudicial unless the record shows the contrary. The same authority states, however, that a minority, but more liberal view, is that prejudice will not be presumed, and one who seeks a reversal must come prepared to show that the error was prejudicial. (3 Am. Jur., pp. 493, 494.) A more thorough treatment of the subject is found in 5 C. J. S., p. 810 et seq., where care is taken to emphasize the difference between error which is *prima facie* irrelevant and without probable substantial relation to the disposition of the case, and error which is so substantial in nature "that it cannot be said *prima facie* not to have influenced the result". It is then said that the accepted rule as to this first class of error is that "there must be an affirmative showing that it is not unlikely that the error affected the result". To this statement authorities are cited from twenty-three of the states of the Union, and California is included as one of those following the rule. As to the second class of error, there is no conflict in the authorities, and the rule is generally accepted that, where the error is apparent on the face of the record and so substantial that it cannot be said not to have affected the result, it will be presumed to have been prejudicial.

Viewing these rules in the light of section 4½ of article VI of the Constitution, we find a purpose in the enactment of the section to adopt these principles as a guide to our appellate courts with a stronger demand as to the appearance of prejudice so that the effect of the enactment is to require an affirmative showing of prejudice, unless the error is such that prejudice is evident upon the face of the record. Though the text writer puts the statement of this phase of the rule in the negative, he reaches the same end as the constitutional section, i. e., that a judgment or order must not be reversed unless it shall appear upon examination of the entire record that the error has resulted in a miscarriage of justice. The effect of this declaration is that, to support a reversal, the error complained of must be substantial and must have affected the result. Manifestly, if it must appear from an "examination of the entire cause, including the evidence", that the error is prejudicial, it is not possible to presume prejudice without such examination. Hence, since such examination is necessary, the burden of proof is put upon the appel-

liant to show that the error complained of is prejudicial. We have not overlooked the frequent use of the words *"prima facie"* in the text and in the authorities cited. We do not need to determine when an error is *"prima facie"* prejudicial. It is sufficient to say that we are not dealing with that kind of error here. We are dealing with error which is collateral and without probable substantial relation to the disposition of the cause. It is error which no appellate court could say of its own knowledge had any substantial bearing upon that result. It is true that a departure from the code provisions specifying the method of communication between the court and the jury is an "improper irregularity" and goes "to the substance of the right of trial by jury" (*Nelson* v. *Southern Pacific Co.*, 8 Cal. (2d) 648, 655 [67 Pac. (2d) 682]), but it does not follow from this that any and every departure from that method has a "probable substantial relation to the disposition of the cause". These are the "exceptional circumstances" referred to in the Nelson case, and it is but another way of saying that the error must be substantial and real, not merely fancied or technical. Where any error is relied on for a reversal it is not sufficient for appellant to point to the error and rest there. Since the appellate court must affirmatively find prejudice such finding must be based either upon the facts found in the record or upon the reasonable inferences to be drawn therefrom. In the face of the constitutional limitation there is no room for the presumption that prejudice results from the fact of error alone. The fact of prejudice is just as essential as the fact of error.

Mention should be made of *Nelson* v. *Southern Pacific Co.*, *supra,* an authority upon which the appellants place much hope. The expression of the court pertinent here reads: "The remaining error charged was that the court communicated with the jury after their retirement by sending them a message by the bailiff and without the presence of counsel. This is an improper irregularity. Section 614 of the Code of Civil Procedure requires that, if the jury desire further instruction, it shall be conducted into court and the information desired given in the presence of or after notice to counsel. Any other method of communication is held to go to the substance of the right of trial by jury and because of its nature is deemed to be prejudicial except in very exceptional

circumstances.'' We have no quarrel with the rule quoted or with the language of the opinion, but we do not agree with appellants that the language requires a holding here that the error complained of was *''prima facie''* prejudicial to them.

■ It should be noted that the court did not say that such error was ''presumed'' to be prejudicial, but that it used the word ''deemed''. There is a marked difference between these expressions. ''A presumption is a deduction which the law expressly directs to be made from particular facts.'' (Code Civ. Proc., sec. 1959.) Hence, when a court presumes a fact to be true, it is because of this statutory direction. But, when it deems a matter to be true, it is the result of the exercise of an independent judgment forming an opinion upon the facts shown. To ''deem'' is defined in Webster as ''to conclude or believe on consideration''. When the Supreme Court used the expression ''is deemed to be prejudicial'' it used it in the light of this definition and the sentence as a whole means nothing more than that in the cases therein cited the court had concluded, or believed, that the error was prejudicial; or, in the words of the constitutional provision, ''after an examination of the entire cause'' the court had reached ''the opinion that the error complained of has resulted in a miscarriage of justice''.

■ In the case at hand the appellants have elected to appeal under section 953a, Code of Civil Procedure; they have not printed any portion of the record, none of the evidence, and none of the instructions given. They have raised the question of prejudice without any showing of the fact. The only argumentative feature of their appeal rests wholly upon the claim that prejudice justifying a reversal is to be presumed from the error alone. As this theory is not in accord with the accepted rule in this state their appeal must fail.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 5, 1940. Edmonds, J., and Houser, J., voted for a hearing.