Filed 5/16/13  Taillon v. Verge CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| RICHARD TAILLON et al.,<br><br>        Plaintiffs and Appellants,<br><br>        v.<br><br>MARK VERGE et al.,<br><br>        Defendants and Respondents. | B240906<br><br>(Los Angeles County<br>Super. Ct. Nos. BC467362 and<br>BC469346) |

        APPEAL from an order of the Superior Court of the County of Los Angeles, Suzanne G. Bruguera and Elizabeth A. White, Judges.  Affirmed.

        Pacific Atlantic Law Corporation, Chinye Uwechue-Akpati for Plaintiffs and Appellants.

        Soltman, Levitt, Flaherty & Wattles, Philip E. Black, and Yashpal S. Sandhu for Defendants and Respondents.

## INTRODUCTION

Plaintiffs and appellants Richard Taillon, Claudia Taillon, Benjamin Taillon, Isabelle Taillon, and Christopher Kirk Hinton (plaintiffs) appeal from an order of dismissal contending that the trial court erred in granting the demurrer of defendants and respondents Mark Verge and Leilani Pascual Verge (defendants) to the first amended complaint (FAC) without leave to amend, and denying plaintiffs' motion under Code of Civil Procedure section 473, subdivision (a)(1)[1] for leave to file a second amended complaint (SAC).  We affirm.

## DISCUSSION

### A.    Applicable Law and Standard of Review

A demurrer is properly sustained when the complaint "does not state facts sufficient to constitute a cause of action," or where it is "uncertain"—including "ambiguous and unintelligible."  (§ 430.10, subds. (e), (f).)  "On appeal from a judgment dismissing an action after sustaining a demurrer without leave to amend, the standard of review is well settled.  The reviewing court gives the complaint a reasonable interpretation, and treats the demurrer as admitting all material facts properly pleaded.  [Citations.]  The court does not, however, assume the truth of contentions, deductions or conclusions of law.  [Citation.]  The judgment must be affirmed 'if any one of the several grounds of demurrer is well taken.  [Citations.]'  [Citation.]  However, it is error for a trial court to sustain a demurrer when the plaintiff has stated a cause of action under any possible legal theory.  [Citation.]  And it is an abuse of discretion to sustain a demurrer without leave to amend if the plaintiff shows there is a reasonable possibility any defect identified by the defendant can be cured by amendment.  [Citation.]"  (*Aubry v. Tri-City Hospital Dist*. (1992) 2 Cal.4th 962, 966-967.)  The plaintiff bears the burden of establishing that the complaint could have been amended to cure the defect.  (*Campbell v.*

[1]    All statutory citations are to the Code of Civil Procedure unless otherwise noted.

*Regents of University of California* (2005) 35 Cal.4th 311, 320.) The legal sufficiency of the complaint is reviewed de novo. (*Montclair Parkowners Assn. v. City of Montclair* (1999) 76 Cal.App.4th 784, 790.)

"[S]ection 473, subdivision (a)(1) permits a trial court, 'in furtherance of justice,' to 'allow a party to amend any pleading . . . in any . . . respect.' 'The trial court's ruling on a motion to amend a pleading is reviewed under an abuse of discretion standard [citation], and the appellant has the burden of establishing its discretion was abused. [Citation.]'" (*Emerald Bay Community Assn. v. Golden Eagle Ins. Corp.* (2005) 130 Cal.App.4th 1078, 1097.)

### B. Background Facts

Defendants filed a demurrer to plaintiffs' FAC[2] pursuant to section 430.10, subdivisions (e) and (f) on the grounds that each of the causes of action failed to state facts sufficient to constitute a cause of action and they were uncertain. Defendants requested that the FAC be dismissed in its entirety.

According to plaintiffs, they substituted in new counsel, and through their new counsel they filed both an opposition to the demurrer and a motion for leave to file a SAC under section 473, subdivision (a)(1). In their opposition to the demurrer, they argued that they never served defendants with the FAC, and the FAC was "moot" because plaintiffs concurrently filed a motion for leave to file a SAC. The opposition did not address whether any of the causes of action in the FAC failed to state facts sufficient to constitute a cause of action, any of them were uncertain, or the proposed SAC cured the defects in the FAC raised by the demurrer.

In support of plaintiffs' motion for leave to file a SAC, plaintiff's counsel declared that, "As to form, the proposed [SAC] reformats the facts [stated in the FAC] so that they are clearer. As to substance, the facts stated in the [SAC] are based upon the facts and events previously stated in . . . [the FAC]. . . . Both the [FAC and the proposed SAC]

---

[2] The record does not include the FAC, nor does it contain the original complaint.

allege the following causes of action, albeit in a different order and pleaded in very different styles and format: Breach of Contract; Breach of Warranty; Negligence; Fraud . . ., Negligent Misrepresentation; Negligent Infliction of Emotional Distress; Intentional Infliction of Emotional Distress. Based upon the same events as previously pleaded the following causes of action have been added in the [proposed SAC]: Unfair/Fraudulent Business Practice—Violation Business & Professions Code s. [*sic*] 17200 et seq.; Negligence/Negligence per se/Breach of Professional Duty; Violation Business and Professions Code section 17500, and Private Nuisance. Omitted from the [proposed SAC] . . . are the following causes of action: public nuisance; constructive eviction; RICO and spoliation." (Bold omitted.) Plaintiffs' motion for leave to file a SAC did not contain any argument that the proposed SAC cured the defects in the FAC challenged in the demurrer.

Defendants opposed the motion for leave to file a SAC contending, inter alia, that (1) the motion did not specify by page and line number what allegations were proposed to be added to and deleted from the FAC, as required by California Rules of Court, rule 3.1324(a)(2), (3),[3] and (2) the supporting declaration did not specify when the facts giving rise to the SAC were discovered (because plaintiffs stated that there are no new allegations), or why the request to file the SAC was not made earlier, as required by California Rules of Court, rule 3.1324(b).[4]

---

[3] California Rules of Court, rule 3.1324(a) states, "A motion to amend a pleading before trial must: [¶] . . . [¶] (2) State what allegations in the previous pleading are proposed to be deleted, if any, and where, by page, paragraph, and line number, the deleted allegations are located; and [¶] (3) State what allegations are proposed to be added to the previous pleading, if any, and where, by page, paragraph, and line number, the additional allegations are located."

[4] California Rules of Court, rule 3.1324(b) states, "A separate declaration must accompany the motion and must specify: [¶] . . . [¶] (3) When the facts giving rise to the amended allegations were discovered; and [¶] (4) The reasons why the request for amendment was not made earlier."

The trial court issued a minute order stating, "The court makes the following rulings on the demurrer to . . . plaintiffs' first amended complaint . . . and . . . plaintiffs' motion for leave to file a second amended complaint. [¶] No substantive opposition having been filed, the defendants' demurrer to the first amended complaint is sustained without leave to amend. Defendants within fifteen days shall submit to [the trial court] a proposed order setting forth the detailed procedural history as well as on-point case authority supporting the court's decision to sustain the demurrer. [¶] In light of the ruling on the demurrer, . . . the motion for leave to file a second amended complaint is moot."[5] The trial court subsequently issued an order of dismissal, containing case authority supporting its decision to sustain the demurrer without leave to amend, and dismiss "the entire action by Plaintiffs" against defendants.

### C. Analysis

Plaintiffs do not argue on appeal that the demurrer lacked merit. Plaintiffs instead contend that: (1) "the first amended complaint . . . became moot when a viable second amended complaint was lodged together with a motion for leave to file the said second amended complaint," and (2) trial court abused its discretion by not affording plaintiffs the opportunity to amend their FAC, particularly since they had filed a motion for leave to file a SAC and the SAC was lodged with the trial court.

We reject plaintiffs' unsupported contention that the FAC was moot. The SAC was not an operative pleading because the trial court did not grant plaintiffs' motion for leave to file it. Plaintiffs may not bypass a ruling on a demurrer to their operative complaint merely by filing a motion seeking leave to file an amended complaint.

We also reject plaintiffs' contention that the trial court abused its discretion by not affording plaintiffs the opportunity to amend their FAC by filing the proposed SAC or otherwise. Plaintiffs do not develop their contention and especially do not provide any argument that the SAC states facts sufficient to constitute a cause of action. The plaintiff

---

[5] The record does not include a reporter's transcript of a hearing on the demurrer and motion for leave to file a SAC.

bears the burden of establishing that the complaint could have been amended to cure the defect challenged by way of demurrer (*Campbell v. Regents of University of California*, *supra*, 35 Cal.4th at p. 320), and if a proposed complaint fails to state a cause of action, it is proper to deny a motion for leave to amend (*Foxborough v. Van Atta* (1994) 26 Cal.App.4th 217, 230).

It is not the role of a reviewing court independently to seek out support for an appellant's conclusory assertions, and such contentions may be rejected without consideration.  (*People v. Stanley* (1995) 10 Cal.4th 764, 793.)  "Where any error is relied on for a reversal it is not sufficient for appellant to point to the error and rest there."  (*Santina v. General Petroleum Corp*. (1940) 41 Cal.App.2d 74, 77.)  "It is not our responsibility to develop an appellant's argument.  [Citation.]"  (*Alvarez v. Jacmar Pacific Pizza Corp*. (2002) 100 Cal.App.4th 1190, 1206, fn. 11; *Dills v. Redwoods Associates, Ltd*. (1994) 28 Cal.App.4th 888, 890, fn. 1) ["We will not develop the appellants' arguments for them"].)  "The reviewing court is not required to make an independent, unassisted study of the record in search of error or grounds to support the judgment.  It is entitled to the assistance of counsel."  (9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 701, p. 769.)  Plaintiffs therefore failed to carry their burden of establishing that the trial court erred.

In addition, we cannot determine whether the trial court abused its discretion in ruling on the demurrer or plaintiffs' motion for leave to file the SAC because the reporter's transcript of the hearing is not contained in the record.  On appeal, this court only considers whether an appellant has demonstrated that reversible error occurred in the trial court.  To show such error "'A fundamental principle of appellate practice is that an appellant "'must affirmatively show error by an adequate record. . . .  Error is never presumed. . . .  "A judgment or order of the lower court is *presumed correct*.  All intendments and presumptions are indulged to support it on matters as to which the record is silent . . . .'"'"  [Citation]"  (*Bianco v. California Highway Patrol* (1994) 24 Cal.App.4th 1113, 1125.)

6

Plaintiffs' counsel declared in support of plaintiffs' notice designating record on appeal that there was a hearing on the demurrer and motion for leave to file a SAC, but plaintiffs' counsel's arguments were not recorded by the court reporter. The declaration attached an e-mail exchange between plaintiffs' counsel and the court reporter. The e-mails state that the court reporter provided plaintiffs' counsel with a transcript of the hearing, but according to plaintiffs' counsel's e-mail based on her "memory/notes," "the transcript does not have my oral argument." The record does not contain the transcript that the court reporter provided to plaintiffs' counsel. If the transcript is inadequate, plaintiffs could have provided a settled statement. (Cal. Rules of Court, rules 8.130(g), 8.346; 9 Witkin, Cal. Procedure, *supra,* Appeal, § 673, at pp. 743-744.)

Regardless of the reason, the record does not contain the reporter's transcript of the hearing on defendants' demurrer to the FAC and plaintiffs' motion for leave to file a SAC or any recognized substitute. We therefore cannot determine whether the trial court abused its discretion in ruling on them.

Furthermore, the FAC is not included in the record. Plaintiffs state in their opening brief that the FAC was prepared by their prior counsel, and it "may not have been filed with the [trial] court since the document does not appear on the Clerk's Transcript of the [trial] court's docket." Plaintiffs' counsel declared in support of plaintiffs' opposition to the demurrer however that she "reviewed the court's docket" and both plaintiffs' opposition to the demurrer and motion for leave prepared by that counsel state that the FAC was filed. Although plaintiffs argued in their opposition to the demurrer that they never served defendants with the FAC, plaintiffs state in their opening brief that the FAC "may have been served on [defendants]."

As noted above, plaintiffs "'must affirmatively show error by an adequate record. . . .'" (*Bianco v. California Highway Patrol*, *supra*, 24 Cal.App.4th at p. 1125.) Regardless of whether the FAC is contained in the files of the trial court, defendants' counsel, or plaintiffs' present or former counsel, because it is not included the record on appeal, even if we had the reporter's transcript of the hearing, we would be unable to determine whether it could have been amended to cure its defects. In addition, plaintiffs

7

contend that the SAC relates back to the FAC, but without the FAC we cannot make that determination.

Plaintiffs also contend that the trial court abused its discretion because it failed to exercise its discretion in ruling on their motion for leave to file a SAC, by, as stated in the minute order, considering the motion "moot" in light of the trial court's ruling sustaining the demurrer without leave to amend. Thus, plaintiffs contend that a reporter's transcript is not necessary. Although the failure to exercise discretion is in itself an abuse of discretion (*People v. Sandoval* (2007) 41 Cal.4th 825, 847-848; *People v. Crandell* (1988) 46 Cal.3d 833, 861; *Kim v. Euromotors West/The Auto Gallery* (2007) 149 Cal.App.4th 170, 176), the trial court did not abuse its discretion because the lawsuit was effectively terminated when it sustained the demurrer without leave to amend. (Code Civ. Proc., § 581, subd. (f)(1).) This is particularly true here where, as stated above, plaintiffs did not argue—or at least there is no record of an argument—that the proposed SAC cured the defects in the FAC challenged in the demurrer.

Moreover, plaintiffs have not even argued in their brief before us the merits of their SAC. Indeed, they say it relates back to the FAC, but they have not provided us with the FAC. Accordingly, even if we were to try to determine if there was prejudicial error, we are unable to do so. Courts have said, "'[w]hen an issue is unsupported by pertinent or cognizable legal argument it may be deemed abandoned and discussion by the reviewing court is unnecessary. [Citations.]' [Citation.]" (*R.A. Stuchberg & Others Syndicate 1096 v. Redlands Ins. Co.* (2007) 154 Cal.App.4th 796, 801-802, fn. 3; see Cal. Rules of Court, rule 8.204.) It follows that if no argument at all is made, we are not bound to examine the SAC to see if it states a cause of action. (See *Plotnik v. Meihaus* (2012) 208 Cal.App.4th 1590, 1615 ["Since [defendant] does not address the issue, we treat it as abandoned . . . ."].)

8

**DISPOSITION**

The order is affirmed.  No costs are awarded.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


MOSK, J.


We concur:



TURNER, P. J.



KRIEGLER, J.