Filed 7/14/16  Sun v. Homeres CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| ERIC SUN,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>MARK HOMERES,<br><br>    Defendant and Respondent. | A144738<br><br>(Alameda County<br>Super. Ct. No. RG14729637) |

Plaintiff and appellant Eric Sun appeals, in propria persona, from the trial court's order denying his application for a harassment injunction (Code Civ. Proc., § 527.6) [1] against defendant Mark Homeres.  He contends, among other things, that the court erred in declining to issue the injunction, conspiring with the lawyers on both sides, violating his due process rights, and violating the Americans with Disabilities Act of 1990.  We affirm.

## I. BACKGROUND

Sun and Homeres are former social acquaintances.  Both men are in their thirties and used to play in the same softball league in Alameda.  On June 18, 2014, Sun, who suffers from schizoaffective disorder, filed for an injunction against Homeres claiming that : 1) Homeres hit a softball directly at Sun's head on June 7, 2014 and on previous occasions; 2) on May 15, 2014, Homeres sent someone to the park who threatened to shoot and kill Sun; 3) at an unspecified time, Homeres sexually harassed Sun's 62-year-

---

[1]    All further undesignated statutory references are to the Code of Civil Procedure.

old mother, Christine Chang, by sleeping on the floor in her bedroom; 4) in 2013, Homeres sexually harassed Chang in the park; 5) in 2009, Homeres forced Sun to jump in the ocean while fishing; and 6) at some point in 2009 or 2010, Homeres left Sun alone in a car in a "drug infested area" in Oakland. Chang was listed as an additional protected person.

The trial court denied the civil harassment temporary restraining order on June 18, 2014, and the matter was set for hearing on July 11, 2014. Sun appeared in propria persona. Chang attempted to represent Sun at the hearing. Specifically, she tried to get a continuance of the hearing to either get a deposition or declaration from Sun's treating physician to attest to Sun's disability. In granting the continuance, the court noted that Chang's involvement in her son's case, though well-meaning, was "somewhat problematic" as she was not an attorney, and therefore not authorized to represent her son in court. Opposing counsel stated, "I believe the lady speaking does have experience in legal matters. She has filed several legal matters on her own and represented herself and there have been motions to declare her a vexatious litigant, so she does have some experience and knows what she's doing." In response, Chang stated that defense counsel's statement was incorrect because she "did spend some time going to a law school, but . . . never obtained any degrees and never worked for a law firm." The court told Chang: "That's not what he's saying. What he's saying is you file a lot of actions."

At the conclusion of the hearing, Chang said that she and her son "have been getting annoying phone calls. And right on our way here, a car purposely backed [into] my car and it was only several inches away because I bl[e]w my horn to stop the accident." She added that she believed "it has something to do with the defendant. He's a sociopath predator preying . . . [¶] . . . on the disabled and weak for years."

At some point, Sun retained counsel and the parties agreed to continue the matter. The parties unsuccessfully participated in mediation in December 2014 and the matter was set for hearing on January 28, 2015.

In January and February of 2015, Chang filed a number of supplemental declarations reiterating and augmenting claims of harassment by Homeres, and now

alleging misconduct by the attorneys on both side. Apart from the allegations in the petition, Chang accused Homeres of sending "leaguers-turned-mobsters" to beat up Sun and Chang up while they were at an Alameda softball field on July 27, 2014 and again in January 2015. She also accused Homeres of stalking her and Sun, forcing Sun to steal from stores, stealing from Sun and Chang, threatening to kill Sun, Chang, and a pet hamster, being a "dog slayer" and "kill[ing] protected-fish-species." She also complained to Judge Stuart Hing that "[t]his is a case of white supremacist harassment, persecution, oppression, and violence against a disabled mother and son."

Homeres filed a response on January 22, 2015, averring that: 1) he did not harass or harm Sun or his mother; 2) on June 7, 2014, while playing softball, he unintentionally hit a line drive that went two to three feet above Sun's head; 3) he did not send anyone to threaten Sun on May 15, 2014; he did not even know about this incident; 4) he did not harass Chang by sleeping in her bedroom; Chang was out of the country and Sun had invited Homeres over to watch television in the home shared by Sun and Chang; 5) he did not "force" Sun into the ocean while the two were fishing in 2009; rather, Sun voluntarily jumped in the water to free a net that had gotten caught on the rocks. Sun was not injured; and 6) in 2009, he did not leave Sun alone in a drug infested area in Oakland; rather, Homeres and Sun went to Walmart; Sun did not want to go into the store, so he waited in the car.

In an additional supplemental declaration, filed January 22, 2015, Chang complained that Sun's attorney had been "corrupted by defendant and defense attorney providing colossus misrepresentation helping the defendant['s] harassment, persecution and oppression against Sun and Chang." Chang alleged that Sun's attorney colluded with defendant and defense counsel to "eliminate" her from the mediation "in order to take control of Sun and force an agreement on defendant's behalf."

The case was called for hearing on January 28, 2015. The court had a chambers conference with the attorneys, then went on the record. The court swore in Sun and Homeres as the parities, and Chang as a witness, each of whom affirmed that their statements were true. The court then informed the parties that it was familiar with the

case and would issue a tentative ruling on February 18, 2015, based on the information submitted. The court further advised the parties that it would allow them to present additional submissions and arguments before rendering its final decision on March 11, 2015.

On February 18, 2015, the court issued its tentative ruling denying the injunction, finding that Sun had not established by clear and convincing proof that he had been harassed by Homeres. In so ruling, the court stated it "does not deny that something is happening, but rather that there is insufficient evidence to find in favor" of Sun. Specifically, the court determined that Sun's allegations that Homeres sent individuals to the park to harass him and Chang did not show a direct link to Homeres. The court also found that the incident that occurred while Sun and Homeres were playing softball did not amount to a reasonable threat of violence. As for the remaining allegations regarding Homeres sleeping on the floor, the fishing incident, and Homeres leaving Sun alone in the car, the court noted that even if these instances were not too remote, they were disputed. The trial court further noted that Chang had filed five separate incident reports regarding Homeres with the Alameda Police Department between June 9, 2014 and August 24, 2014. The alleged incidents involved people calling Sun names in the park, as well as hang-ups and harassing phone calls. None of these incidents resulted in Homeres's arrest. The trial court noted that "[w]hile an arrest is not required to prove civil harassment, whether there was an arrest is a factor." The court added that a petitioner seeking an injunction must meet a higher burden than that required of an arrest. (*People v. Hardacre* (2001) 90 Cal.App.4th 1392, 1400.)

The instant appeal followed.

## II. DISCUSSION

### A. *Standard of Review and Applicable Law*

Generally, a superior court's ruling on a request for a restraining order or injunction is reviewed for an abuse of discretion. (*Cohen v. Board of Supervisors* (1985) 40 Cal.3d 277, 286; *Biosense Webster, Inc. v. Superior Court* (2006) 135 Cal.App.4th 827, 834.) The exercise of that discretion will not be disturbed on appeal absent a showing that it has been abused. (*IT Corp. v. County of Imperial* (1983) 35 Cal.3d 63, 69; *Continental Baking Co. v. Katz* (1968) 68 Cal.2d 512, 527.) The party challenging the trial court's order has the burden of making a clear showing of such an abuse. (*Biosense Webster, Inc. v. Superior Court, supra,* 135 Cal.App.4th at p. 834.) To the extent there are disputed factual issues, we review the trial court's findings under the substantial evidence standard, resolving all factual conflicts and questions of credibility in the respondent's favor and drawing all legitimate and reasonable inferences to uphold the judgment, if it is supported by evidence that is reasonable, credible and of solid value. (*Shapiro v. San Diego City Council* (2002) 96 Cal.App.4th 904, 912; *Schild v. Rubin* (1991) 232 Cal.App.3d 755, 762 ["whether substantial evidence supports the requisite elements of willful harassment, as defined in section 527.6 . . ."].

"Section 527.6 was enacted 'to protect the individual's right to pursue safety, happiness and privacy as guaranteed by the California Constitution.' [Citations.] It does so by providing expedited injunctive relief to victims of harassment. [Citation.]" (*Brekke v. Wills* (2005) 125 Cal.App.4th 1400, 1412.) Harassment is defined as, inter alia, "a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose." (§ 527.6, subd. (b)(3).) "The course of conduct must be such as would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the petitioner." (*Ibid.*) To serve a legitimate purpose, the conduct must be done to meet a legitimate need. (*Byers v. Cathcart* (1997) 57 Cal.App.4th 805, 812.) The statute requires "clear and convincing evidence that unlawful harassment exists." (§ 527.6, subd. (i).) Course of conduct is defined as "a pattern of conduct composed of a

series of acts over a period of time, however short, evidencing a continuity of purpose . . . ." (§ 527.6, subd. (b)(1).)

## B. Analysis

We begin with the general principle of appellate practice that an " 'order of the lower court is presumed correct.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564, italics omitted.) This general principle means that (1) " '[a]ll intendments and presumptions are indulged to support [the order] on matters as to which the record is silent' " (*ibid.*), and (2) the appellant must affirmatively show error occurred (*ibid.*). To affirmatively show that error occurred, an "appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error. [Citations.] . . . [Citations.] . . . [C]onclusory claims of error will fail." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.) In other words, it is simply not sufficient for an "appellant to point to the error and rest there." (*Santina v. General Petroleum Corp.* (1940) 41 Cal.App.2d 74, 77.)

Sun has not met his burden on appeal. Indeed, Sun 's opening brief is nothing more than a table of contents. He sets forth a list of purported errors, but makes no effort to provide a cogent legal analysis citing and applying the applicable law to the facts of the instant case. (*Bullock v. Philip Morris USA, Inc.* (2008) 159 Cal.App.4th 655, 685 ["appellant must affirmatively demonstrate error through reasoned argument, citation to the appellate record, and discussion of legal authority"]; *People ex rel. Dept. of Alcoholic Beverage Control v. Miller Brewing Co.* (2002) 104 Cal.App.4th 1189, 1200 ["appellant must present a factual analysis and legal authority on each point made or the argument may be deemed waived"].) "We are not bound to develop appellant['s] arguments for [him]. [Citation.] The absence of cogent legal argument or citation to authority allows this court to treat the contentions as waived. [Citations.]" (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830; see also Cal. Rules of Court, rule 8.204(a)(1)(B).)

Although Sun represents himself on appeal, we note that "[p]ro. per. litigants are held to the same standards as attorneys. (See *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 985 ['A doctrine generally requiring or permitting exceptional treatment of parties

who represent themselves would lead to a quagmire in the trial courts, and would be unfair to the other parties to litigation'] . . . )." (*Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543.) Sun's status as a propria persona litigant does not exempt him from the rules of appellate procedure or lessen his burden on appeal. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.) We are required to treat propria persona litigants as any other party, affording them " 'the same, but no greater consideration than other litigants and attorneys.' " (*Id.* at p. 1247.) The judgment is presumed correct on appeal, and it is the burden of the party challenging it, whether represented by counsel or in propria persona, to "affirmatively demonstrate prejudicial error." (*People v. Garza* (2005) 35 Cal.4th 866, 881.) Sun has failed to affirmatively demonstrate any error, let alone a prejudicial one.

Moreover, even if Sun had preserved his claims on appeal, they nevertheless fail on the merits. The trial court acted well within its discretion in denying the injunction as Sun failed to present clear and convincing evidence of unlawful harassment. The majority of complained of incidents were remote in time, and all of them were disputed. On a substantial evidence review, we may not reweigh this credibility determination or reweigh the evidence but must view the evidence and draw inferences in the light most favorable to the judgment. (*Do v. Regents of the University of California* (2013) 216 Cal.App.4th 1474, 1492.) Under this standard, substantial evidence supports the court's findings. In denying the injunction, the trial court obviously found Homeres to be more credible. We will not second-guess this determination, and find no abuse of discretion in the denial of the injunction.

To the extent Sun alleges he was denied his day in court and denied due process, the record belies this claim. The trial court announced that it would consider the written submissions and then issue a tentative ruling. The court also allowed the parties to submit additional argument and/or evidence challenging the tentative ruling before it became final. Not only did Sun not object to the court's procedure, he failed to avail himself of the opportunity to challenge the tentative ruling once it had been issued. Accordingly, any purported due process claims fail.

Finally, Sun's attempt to cast aspersions on the integrity of the attorneys and the trial judge involved in this case is utterly without merit and borders on sanctionable conduct.  There is absolutely no evidence suggesting that these sworn officers of the court conspired to take advantage of Sun's "severe psychological and physical impairments" in violation of the Americans with Disabilities Act of 1990.

### III. DISPOSITION

The order is affirmed.  The parties are to bear their own costs on appeal.

_____
REARDON, J.

We concur:


_____
RUVOLO, P. J.


_____
RIVERA, J.


*Sun v. Homeres* A144738