Filed 7/26/16  Smith v. EMC Mortgage CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| WENDELL SMITH, | C078532 |
| Plaintiff and Appellant, | (Super. Ct. No. 39-2013-00298237-CU-FR-STK) |
| v. | |
| EMC MORTGAGE LLC et al., | |
| Defendants and Respondents. | |

Plaintiff Wendell Smith (Smith) appeals from a judgment of dismissal after the trial court sustained without leave to amend a demurrer by EMC Mortgage LLC and JP Morgan Chase Bank, N.A, (collectively Chase).

Smith's briefing is very difficult to decipher, but appears to fault the trial court for expunging a lis pendens and sustaining the demurrer without being told by Chase that certain underlying property had already been sold.  His opening brief fails to set forth the pleaded allegations, the bases of the demurrer, the bases for the trial court's ruling, or an

1

intelligible explanation of the law applicable to the pleaded issues. His reply brief is similarly deficient.

On appeal, a party challenging an order has the burden to show error by providing an adequate record and making coherent legal arguments, supported by authority, or the claims will be deemed forfeited. (See *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574-575; *People v. Freeman* (1994) 8 Cal.4th 450, 482, fn. 2; *In re S.C.* (2006) 138 Cal.App.4th 396, 408; *In re Marriage of Nichols* (1994) 27 Cal.App.4th 661, 672-673, fn. 3.) A party who appears without counsel must be held to the same standards and procedural rules as a litigant who employs counsel. (See *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985; *Doran* v. *Dryer* (1956) 143 Cal.App.2d 289, 290.)

We have read and reread Smith's briefs and we find neither satisfies these settled appellate rules. Although Smith does provide some record citations, and he does cite to some legal authorities, he does not tie the two together with coherent legal arguments.

For example, he recites the standards applicable to demurrers, and seems to argue the trial court improperly declined to consider his opposition, purportedly because it was not timely filed. But he fails to explain what difference the opposition would have made. The appellant bears the duty of spelling out in the opening brief exactly how a procedural error caused a "miscarriage of justice." (See *Vaughn* v. *Jonas* (1948) 31 Cal.2d 586, 601; *Santina* v. *General Petroleum Corp*. (1940) 41 Cal.App.2d 74, 77.) Further, Smith's claim about the rejection of his opposition by the trial court is not fairly embraced within his argument heading, and is forfeited for that reason, too. (See *Loranger v. Jones* (2010) 184 Cal.App.4th 847, 858, fn. 9; *Opdyk v. California Horse Racing Bd.* (1995) 34 Cal.App.4th 1826, 1830-1831, fn. 4.)

Smith quotes a deed of trust and cites certain statutes, but nowhere does he tether his claim to the allegations of his complaint, nor does he provide any legal authorities explaining the elements of any particular cause of action he seeks to pursue against Chase.

As another example, Smith contends leave to amend should be given (see *Connerly v. State of California* (2014) 229 Cal.App.4th 457, 460), but he fails in his duty, as the appellant, to explain how he would amend his complaint, if granted leave to do so. (See *ibid*.; *Schultz v. Steinberg* (1960) 182 Cal.App.2d 134, 140-141.)

As a final example, Smith references "SB 900" as new legislation which confers on him greater rights, but he fails to describe the details of that legislation (including what year it was passed, whether it applies retrospectively, etc.), and fails to tether this vague reference to the allegations of his complaint.

As Chase correctly points out, Smith's brief lacks a coherent explanation of how the trial court erred, that is, how he stated any valid cause of action against Chase, or why the trial court should have granted leave to amend the complaint. We, therefore, deem all points Smith intended to make in his opening brief to be forfeited.

After Chase correctly pointed out the major deficiencies in Smith's opening brief, Smith filed his reply, arguing that he did not forfeit any points. However, although his reply brief adds several cites to the Code of Civil Procedure and quotes extensively from one such cite, his reply brief is largely duplicative of his opening brief and does not correct its deficiencies. In any event, points raised for the first time in Smith's reply brief come too late. (See *Kahn v. Wilson* (1898) 120 Cal. 643, 644; *Utz v. Aureguy* (1952) 109 Cal.App.2d 803, 808.)

## DISPOSITION

The judgment is affirmed.  Smith shall pay Chase's costs on appeal.  (See Cal. Rules of Court, rule 8.278(a)(2).)

/s/
Duarte, J.

We concur:


/s/
Butz, Acting P. J.


/s/
Murray, J.