[No. B125410. Second Dist., Div. Four. July 18, 2000.]

In re the Marriage of JANET and DONALD T. McLAUGHLIN.
JANET McLAUGHLIN, Appellant, v.
DONALD T. McLAUGHLIN, Respondent.

**COUNSEL**

Rehwald Rameson Lewis & Glasner, Thomas Trent Lewis and Kevin James Mooney for Appellant.

Holmes & Holmes and Robert K. Holmes for Respondent.

## OPINION

## VOGEL (C. S.), P. J.—

### INTRODUCTION

Janet McLaughlin appeals from the trial court's entry of a judgment of marital dissolution ending her marriage to respondent Donald T. McLaughlin. Appellant contends judgment should not have been entered in the absence of statutorily required declarations of disclosure regarding the parties' assets and liabilities. However, appellant has failed to show prejudicial error and, therefore, we shall affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

Donald and Janet were married in November 1980, and separated in January 1997.[1] They had one child, born in 1989. On January 9, 1997, Donald filed a petition for dissolution of marriage. In February 1997, the parties entered into an agreement as to the distribution of their separate and community property.[2] Donald's counsel prepared a proposed judgment incorporating the terms of the settlement agreement, and the parties signed the agreement on February 24, 1997. The settlement agreement required Janet to pay Donald $750 per month in spousal support and $637 per month in child support.

On March 17, 1997, Janet filed a notice of rescission of the settlement agreement and stipulation for judgment. Her stated grounds for rescinding were "fraud, misrepresentation, failure of consideration, failure to notarize, [and] failure to submit and serve preliminary and final declarations of disclosure." (Capitalization omitted.) As part of the settlement agreement, in addition to paying child and spousal support, Janet had agreed to give to Donald approximately $165,000, representing half of the proceeds of the sale of stock she held as separate property. Janet claimed that Donald had promised that if she did so he would enter marriage counseling with her with the intention of reconciling. On April 16, 1997, Janet filed an amended notice of rescission.

On May 9, 1997, Donald filed a motion seeking entry of judgment. In his declaration accompanying the motion, Donald denied promising to reconcile if Janet would agree to the financial arrangements set forth in the settlement

---

[1]For ease of reference, in this opinion we refer to the parties by their first names. (See *In re Marriage of Smith* (1990) 225 Cal.App.3d 469, 475-476, fn. 1 [274 Cal.Rptr. 911].)

[2]Janet entered into the agreement against the advice of her counsel.

agreement. He stated that "[i]f anything, the agreement did not favor [him]" with regard to the division of property.

One year later, in March 1998, Janet filed a motion seeking to set aside the February 24, 1997, settlement agreement and to deny Donald's request to enter judgment. In her declaration accompanying the motion, Janet states: "I am also separately requesting that the Agreement be Set Aside because the Petitioner failed to disclose the existence of certain assets in the Agreement, which I have since learned may have substantial value." She also says that because Donald did not supply her with the statutorily required declarations of disclosure, "I had no idea of the value or extent of our assets including the cash and coins held by Petitioner."

Donald filed responsive papers in which he contended that Janet admitted during her deposition taken in January and February 1998 that she knew exactly what the parties owned when she signed the February 24, 1997, settlement agreement. During her deposition, the transcript of which was lodged with the court, Janet stated she was aware Donald had "a very large amount of cash" and gold Krugerrands. She was asked by Donald's counsel: "Am I correct in understanding that it is your position that you are unaware of any property—rather that you have not become aware of any property that Mr. McLaughlin is in possession of that you were unaware prior to February of 1997?" She replied, "That's correct."

A hearing was held on April 15, 1998, and the trial court took the matter under submission. On July 9, 1998, the trial court issued a minute order stating: "[T]he Court issues its Statement of Decision as follows: [¶] Respondent's motion to set aside the parties' February 24, 1997 agreement (in the form of a proposed judgment signed by the parties and their counsel) is denied for the reasons stated below. [¶] Petitioner's motion for entry of judgment pursuant to the agreement/proposed judgment signed by both parties and their counsel is granted for the reasons stated below. The original proposed judgment signed by both parties and their counsel on February 24, 1997 shall be entered upon its receipt by the Court. [¶] The Court finds good cause for entry of the agreement/proposed judgment absent the exchange of disclosure statements by the parties. Family Code section 2106. Respondent concedes that there are no assets of which she has become aware since February 1997. Transcript of respondent's deposition taken January 5, 1998 and February 12, 1998, vol. II, p. 52. Given that respondent has not identified any omitted assets, setting aside of the agreement/proposed judgment for the exchange of disclosure statements would exalt form over substance. In re Marriage of Jones (1998) 60 Cal.App.4th 685 [70 Cal.Rptr.2d 542]. Basically, respondent regrets having agreed to give petitioner one-half of stock given to respondent by her mother, an asset of which

respondent was well aware. The instant facts are thus distinguishable from those presented in In re Marriage of Varner (1997) 55 Cal.App.4th 128 [63 Cal.Rptr.2d 894]." The court further found that the agreement had not been signed under duress, or due to fraud or misrepresentation by Donald. Finally, the court noted that the law favors settlements, and expressed its disinclination to second-guess the parties' agreement.

Judgment of dissolution was entered on August 26, 1998, pursuant to the terms of the proposed judgment of February 1997. This appeal ensued.

DISCUSSION

I

▆▆▆ Janet contends on appeal that compliance with Family Code section 2104 is mandatory and that the trial court committed error entering judgment where, as here, the parties did not exchange preliminary declarations of disclosure. We agree that it was error to enter judgment in the absence of compliance with section 2104.

A comprehensive statutory scheme regarding disclosure of assets and liabilities in marital dissolution proceedings was enacted in 1992 as Civil Code section 4800.10, the original provision, which will be discussed below. (Stats. 1992, ch. 37, § 1, p. 135.) Civil Code section 4800.10 was amended (Stats. 1992, ch. 356, § 4, p. 6197), and shortly thereafter was repealed (Stats. 1993, ch. 1101, § 1, p. 1374) but its terms were continued without substantive change as Family Code section 2100 et seq.[3] (Stats. 1993, ch. 219, § 107, p. 1611, amended by Stats. 1993, ch. 1101, p. 6197, § 1, operative Jan. 1, 1994.) Under these statutes, parties to marital dissolution proceedings have an affirmative duty to exchange both a preliminary and a final declaration of disclosure, detailing all of their assets and liabilities, prior to judgment being entered.

At the time of the present dissolution, the relevant statutes provided as follows: "The Legislature finds and declares the following: [¶] (a) It is the policy of the State of California (1) to marshal, preserve, and protect community and quasi-community assets and liabilities that exist at the date of separation so as to avoid dissipation of the community estate before distribution, (2) to ensure fair and sufficient child and spousal support awards, and (3) to achieve a division of community and quasi-community assets and liabilities on the dissolution or nullity of marriage or legal separation of the parties as provided under California law. [¶] (b) Sound

---

[3]All further statutory references are to the Family Code unless otherwise indicated.

public policy further favors the reduction of the adversarial nature of marital dissolution and the attendant costs by fostering full disclosure and cooperative discovery. [¶] (c) In order to promote this public policy, a full and accurate disclosure of all assets and liabilities in which one or both parties have or may have an interest *must be made in the early stages of a proceeding for dissolution of marriage* or legal separation of the parties, regardless of the characterization as community or separate, together with a disclosure of all income and expenses of the parties. Moreover, each party has a continuing duty to update and augment that disclosure to the extent there have been any material changes so that at the time the parties enter into an agreement for the resolution of any of these issues, or at the time of trial on these issues, each party will have as full and complete knowledge of the relevant underlying facts as is reasonably possible under the circumstances of the case."[4] (§ 2100, italics and boldface added.)

"In order to provide full and accurate disclosure of all assets and liabilities in which one or both parties may have an interest, each party to a proceeding for dissolution of the marriage or legal separation of the parties *shall* serve on the other party a preliminary declaration of disclosure under Section 2104 and a final declaration of disclosure under Section 2105." (§ 2103, italics added.)

The statutory requirements regarding preliminary declarations of disclosure applicable at the time of dissolution were as follows:

"(a) Within 60 days of service of the petition for dissolution or nullity of marriage or legal separation of the parties, each party *shall* serve on the other party a preliminary declaration of disclosure, executed under penalty of perjury on a form prescribed by the Judicial Council. The commission of perjury on the preliminary declaration of disclosure may be grounds for

[4]Similarly, in a subsequent chapter governing relief from judgment in marital dissolution proceedings, section 2120 et seq., the following statement of public policy is set forth:

"The Legislature finds and declares the following:

"(a) The State of California has a strong policy of ensuring the division of community and quasi-community property in the dissolution of a marriage as set forth in Division 7 (commencing with Section 2500), and of providing for fair and sufficient child and spousal support awards. *These policy goals can only be implemented with full disclosure of community, quasi-community, and separate assets, liabilities, income, and expenses,* as provided in Chapter 9 (commencing with Section 2100), and decisions freely and knowingly made.

"(b) It occasionally happens that the division of property or the award of support, whether made as a result of agreement or trial, is inequitable when made due to the nondisclosure or other misconduct of one of the parties.

"(c) The public policy of assuring finality of judgments must be balanced against the public interest in ensuring proper division of marital property, in ensuring sufficient support awards, and in deterring misconduct." (§ 2120, italics added.)

setting aside the judgment, or any part or parts thereof, pursuant to Chapter 10 (commencing with Section 2120), in addition to any and all other remedies, civil or criminal, that otherwise are available under law for the commission of perjury. The parties may agree to accelerate or delay the time within which to exchange preliminary declarations of disclosure by written stipulation or by oral stipulation made in open court.

"(b) The preliminary declaration of disclosure shall not be filed with the court, except on court order.

"(c) The preliminary declaration of disclosure shall set forth with sufficient particularity, which a person of reasonable and ordinary intelligence can ascertain, all of the following: [¶] (1) The identity of all assets in which the declarant has or may have an interest and all liabilities for which the declarant is or may be liable, regardless of the characterization of the asset or liability as community, quasi-community, or separate. [¶] (2) The declarant's percentage of ownership in each asset and percentage of obligation for each liability where property is not solely owned by one or both of the parties. The preliminary declaration may also set forth the declarant's characterization of each asset or liability.

"(d) A declarant may amend his or her preliminary declaration of disclosure without leave of the court.

"(e) Along with the preliminary declaration of disclosure, each party shall provide the other party with a completed income and expense declaration unless an income and expense declaration has already been provided and is current and valid." (§ 2104, italics added.)

In contrast to the statutory provisions regarding preliminary declarations of disclosure, the provisions regarding final declarations specifically give the trial court discretion to enter judgment in the absence of final declarations, and also permit the parties to waive the requirement under specified circumstances. The statutory requirements regarding final declarations of disclosure applicable at the time of the dissolution were as follows:

"(a) *Except by court order for good cause or as provided in subdivision (c)*, before or at the time the parties enter into an agreement for the resolution of property or support issues other than pendente lite support, or, in the event the case goes to trial, no later than 45 days before the first assigned trial date, each party, or the attorney for the party in this matter, shall serve on the other party a final declaration of disclosure and a current income and expense declaration, executed under penalty of perjury on a form prescribed

by the Judicial Council. The commission of perjury on the final declaration of disclosure may be grounds for setting aside the judgment, or any part or parts thereof, pursuant to Chapter 10 (commencing with Section 2120), in addition to any and all other remedies, civil or criminal, that otherwise are available under law for the commission of perjury.

"(b) The final declaration of disclosure shall include all of the following information: [¶] (1) All material facts and information regarding the characterization of all assets and liabilities. [¶] (2) All material facts and information regarding the valuation of all assets that are contended to be community property or in which it is contended the community has an interest. [¶] (3) All material facts and information regarding the amounts of all obligations that are contended to be community obligations or for which it is contended the community has liability. [¶] (4) All material facts and information regarding the earnings, accumulations, and expenses of each party that have been set forth in the income and expense declaration.

"(c) *The parties may stipulate to a mutual waiver of the requirements of subdivision (a) concerning the final declaration of disclosure by execution of a waiver in a marital settlement agreement or by stipulated judgment or a stipulation entered into in open court.* The waiver shall include all of the following representations: [¶] (1) *Both parties have complied with Section 2104 and the preliminary declarations of disclosure have been completed and exchanged.* [¶] (2) Both parties have completed and exchanged a current income and expense declaration. [¶] (3) The waiver is knowingly, intelligently, and voluntarily entered into by each of the parties. [¶] (4) Each party understands that by signing the waiver, he or she may be affecting his or her ability to have the judgment set aside as provided by law.

"(d) Whether execution of a mutual waiver of the final declaration of disclosure requirements pursuant to subdivision (c) will affect the rights of either party to have the judgment set aside or will affect the fiduciary obligations of each to the other shall be decided by a court based on the law and the facts of each particular case. The authority to execute a mutual waiver provided by this section is not intended, in and of itself, to affect the law regarding the fiduciary obligations owed by the parties, the parties' rights with respect to setting aside a judgment, or any other rights or responsibilities of the parties as provided by law." (§ 2105, italics added.)

"Except as provided in subdivision (c) of Section 2105, absent good cause, no judgment shall be entered with respect to the parties' property rights without each party, or the attorney for that party in this matter, having executed and served a copy of the final declaration of disclosure and current

income and expense declaration. Each party shall execute and file with the court a declaration signed under penalty of perjury stating that service of the final declaration of disclosure and current income and expense declaration was made on the other party or that service of the final declaration of disclosure has been waived pursuant to subdivision (c) of Section 2105." (§ 2106.)

The statutory scheme thus permits trial courts to enter judgments of dissolution where no final declarations of disclosure have been exchanged, upon a finding of good cause or where the parties have complied with the detailed waiver provisions (which include earlier exchange of preliminary declarations). While the statutory scheme does not state the consequence of failure to exchange preliminary declarations, such exchange is plainly made mandatory.[5] Section 2106 provides that, absent good cause or waiver, "no judgment shall be entered with respect to the parties' property rights" without service of final declarations of disclosure. By implication, no judgment may be entered regarding the parties' property rights without the requisite service of preliminary declarations.

The legislative history of the statutes at issue compels this conclusion. Pursuant to former Civil Code section 4800.10, subdivision (c)(1), the predecessor statute to current Family Code section 2104, parties to a marital dissolution *were* permitted to stipulate to waive preparation of a preliminary declaration of disclosure, or a court could find good cause to excuse its preparation. As originally enacted, Civil Code former section 4800.10, subdivision (c)(1) provided in relevant part: *"Except by court order upon good cause or by stipulation of the parties,* within 60 days of service of the petition for dissolution of marriage, each party shall serve upon the other a preliminary declaration of disclosure, executed under penalty of perjury upon a form prescribed by the Judicial Council." (Italics added.) In 1993, the statute was amended by Assembly Bill No. 1469, passed as an urgency measure, and the language italicized above was deleted. As stated by the Legislative Counsel when the bill was introduced, "This bill would revise and recast these provisions [regarding preliminary and final declarations of disclosure], and would, among other things, . . . delete the exception to the requirement of a preliminary declaration of disclosure . . . as to a court order upon good cause, [and] delete authorization for parties to stipulate to waive the preliminary declaration of disclosure . . . ." (Legis. Counsel's

---

[5]The remedies enumerated in section 2107, including filing a motion to compel further responses, filing a motion for preclusion of evidence, and an award of attorney fees, are available only to a party who has complied in filing preliminary and final declarations of disclosure, and thus are not applicable here.

Dig., Assem. Bill No. 1469 (1993-1994 Reg. Sess.) 5 Stats. 1993, Summary Dig., pp. 475-476.)[6]

## II

Although compliance with sections 2104 and 2105 is mandatory, failure to comply is not necessarily fatal. As we have recited above, Janet did not discover that Donald had any property that was not identified in the February 24, 1997, settlement agreement. Presumably, Janet would not have gained any more information if the judgment had not been entered and the declarations of disclosure had been exchanged. Moreover, the specific thrust of Janet's appellate brief argues that section 2104 (preliminary declaration of disclosure) is absolutely mandatory and does not provide for waiver or an exception based on a finding for good cause as do sections 2105 and 2106 (final declaration of disclosure). She essentially contends that compliance with section 2104 is jurisdictional. It is not, and the Legislature did not so provide.

We do not disagree that the exchange of preliminary declarations of disclosure is mandatory and the failure of a court to compel compliance or to disregard that requirement is error. In fact, here the trial court's order was made prior to the entry of judgment and with knowledge that the parties had not exchanged any declarations of disclosure, ignoring the unqualified mandate of section 2104. ▇ However, "[w]hen the trial court commits error in ruling on matters relating to pleadings, procedures, or other preliminary matters, reversal can generally be predicated thereon only if the appellant can show resulting prejudice, and the probability of a more favorable outcome, *at trial*. Article VI, section 13 [of the California Constitution] admonishes us that error may lead to reversal only if we are persuaded 'upon an examination of the entire cause' that there has been a miscarriage of justice. In other words, we are not to look to the particular ruling complained of in isolation, but rather must consider the full record in deciding whether a judgment should be set aside." (*Waller v. TJD, Inc.* (1993) 12 Cal.App.4th 830, 833 [16 Cal.Rptr.2d 38].)

▇ Janet presented no evidence that she has suffered or incurred any prejudice by reason of the trial court's rejection of her opposition to

[6]In a leading treatise on family law, the authors state: "Section 2104 is cast in *mandatory* terms (Fam.C. §2104(a)—'. . . each party *shall serve* on the other party . . .'). The statute contains *no exceptions* and, therefore, the preliminary declaration of disclosure requirement is implicitly *nonwaivable*. [Fam.C. §2104(a)] [¶] Indeed, even if the final declaration is waived as allowed by the statutes . . . , a *preliminary* declaration is still required. [Fam.C. §§2105(c)(1), 2110 . . .]." (Hogoboom & King, Cal. Practice Guide: Family Law (The Rutter Group 1997) ¶ 11:66, p. 11-14 (rev. #1, 2000), original italics.)

Donald's motion to enter judgment. Although section 2104 provides that "each party shall serve on the other party a preliminary declaration of disclosure," failure to do so does not preclude this court from applying the harmless error standard in its review of an order made contrary to statutory mandate, unless it would result in a miscarriage of justice. "We view the trial court's error in entering judgment contrary to the provisions of section [2104] as one of a purely statutory dimension. That being so, we can reverse the judgment only if we conclude '. . . it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error.' (*People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243].)" (*In re Marriage of Jones* (1998) 60 Cal.App.4th 685, 694 [70 Cal.Rptr.2d 542].)

**(2b)** "The burden is on the appellant in every case to show that the claimed error is prejudicial; i.e., that it has resulted in a miscarriage of justice." (*Cucinella* v. *Weston Biscuit Co.* (1954) 42 Cal.2d 71, 82 [265 P.2d 513].) Injury is not presumed from error, but injury must appear affirmatively upon the court's examination of the entire record. "But our duty to examine the entire cause arises when and only when the appellant has fulfilled his duty to tender a proper prejudice argument. Because of the need to consider the particulars of the given case, rather than the type of error, the appellant bears the duty of spelling out in his brief exactly how the error caused a 'miscarriage of justice.' " (*Paterno* v. *State of California* (1999) 74 Cal.App.4th 68, 105 [87 Cal.Rptr.2d 754].)  ▇ Janet does not direct us to anything in the record to support a finding of prejudice. Indeed, she relies solely on the failure of the parties to exchange preliminary declarations of disclosure, an error of law, but not evidence of prejudice. "Where any error is relied on for a reversal it is not sufficient for appellant to point to the error and rest there." (*Santina* v. *General Petroleum Corp.* (1940) 41 Cal.App.2d 74, 77 [106 P.2d 60].)

We conclude that Janet has failed to show prejudice and the error complained of is harmless.

### DISPOSITION

The judgment is affirmed.

Epstein, J., concurred.

**CURRY, J.**—I respectfully dissent. Judgment should not have been entered in the absence of both of the statutorily mandated declarations of disclosure regarding the parties' assets and liabilities. In this case, neither party filed or

served the required preliminary declaration of disclosure. For the trial court to conclude that this was not necessary because the appellant concedes that there are no assets *of which she has become aware,* ignores the possibility, which gave rise to the enactment of the subject statutes, that the respondent has secreted assets. I would not expand upon the holding in *In re Marriage of Jones* (1998) 60 Cal.App.4th 685 [70 Cal.Rptr.2d 542], which held that the *final* declaration of disclosure may be waived under certain circumstances, by holding that *both* declarations can be waived in the circumstances before us in this case.

A petition for a rehearing was denied August 1, 2000, and appellant's petition for review by the Supreme Court was denied October 25, 2000.