Filed 4/29/14  Marriage of Herrera and Wiebe CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re the Marriage of RUBI HERRERA and JASON WIEBE. | |
| RUBI HERRERA, | E054510 |
| Appellant, | (Super.Ct.No. FAMSS1003428) |
| v. | OPINION |
| JASON WIEBE, | |
| Respondent. | |

APPEAL from the Superior Court of San Bernardino County.  Tara Reilly, Judge. Affirmed.

Rubi Herrera, in pro. per., for Appellant.

No appearance for Respondent.

Appellant Rubi Herrera initiated this action seeking to nullify her marriage to respondent Jason Wiebe.  A default judgment and permanent restraining order were entered against Wiebe.  He moved, and the trial court granted, his motion to set aside

1

both.  Herrera appeals, contending the trial court erred (1) in not allowing her to file evidence necessary to prove her case, (2) in refusing to instruct opposing counsel properly, leading to improper rulings and/or orders, (3) in allowing Wiebe to submit fraudulent documents upon the court, (4) in allowing opposing counsel to submit improper and incomplete motions to the court, and (5) in granting Wiebe's motion to set aside default and subject orders.  We reject her contentions and affirm.

## I.  PROCEDURAL BACKGROUND AND FACTS

On June 25, 2010, Herrera initiated this action seeking a judgment of nullity of marriage and permanent restraining order against Wiebe.[1]  After filing proof of service of summons of the petition and restraining order, on July 30, 2010, Herrera requested that default be entered against Wiebe.  One month later, Wiebe sought to set aside the default on the ground that he was never served with "notice of the Request for Restraining Order or Summons and Petition filed against him."  Herrera opposed the motion, contending that Wiebe was properly served.  Following a few continuances, the motion was heard on June 20, 2011.

According to the paperwork filed with the court, "Jason Comeaux" served the family law petition on June 25, 2010, at 7:45 p.m., while "Jesus Ibarra" served the temporary restraining order 15 minutes later at the same address.  Wiebe testified that he was never served.  In contrast, Herrera offered the testimony of Joseph Jason Comeaux, Jr., that he served Wiebe with the petition for nullity.  After listening to the testimonies of

---

[1]  Herrera has failed to provide this court with her petition for dissolution of marriage, and thus, we rely on the court's register of actions.

several witnesses, the trial court granted Wiebe's motion and set aside the default, vacated the permanent restraining order, and entered a temporary restraining order. Regarding the motion to set aside default, the trial court noted "they are routinely granted by the Court. This one is going to be granted by the Court. Mr. Comeaux's [(the person who served the summons)] testimony is not the most credible this Court has ever heard. Not even close." The court also set aside the permanent restraining order, commenting "It makes absolutely no sense to me why you would have two guys serving [Wiebe] within 15 minutes of each other on the same night. That makes no sense to me at all. It calls into question everything about the service, especially after seeing Mr. Comeaux testify. I didn't believe a word the man said." Herrera appeals.

## II.  FAILURE TO ALLOW HERRERA TO FILE EVIDENCE NECESSARY TO PROVE HER CASE

According to Herrera, on November 5, 2010, she was ready with two witnesses who would give testimony regarding service of nullity documents; however, Judge Tara Reilly rescheduled the hearing due to illness. Herrera claims "this action caused a delay in deliverance of important information and resulted in a loss of vital testimony from a key witness Jesus Ibarra regarding service of family law documents that were served upon [Wiebe]." She argues the continuance of the hearing resulted in "the Court committing prejudicial errors which prevented [her] the opportunity to provide necessary evidence to prove her case."

3

The problem with Herrera's claim is that she fails to identify what "important information" was not produced and what "vital testimony" was not provided that would have changed the outcome. To prevail on appeal, an appellant must affirmatively demonstrate not only error but prejudice. (*In re Marriage of McLaughlin* (2000) 82 Cal.App.4th 327, 337 (*McLaughlin*).) The appellant's contentions must be supported by argument and citation to authority, as well as by citation to the record. (*McComber v. Wells* (1999) 72 Cal.App.4th 512, 522-523 (*McComber*); *Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856 (*Duarte*) [Fourth Dist., Div. Two].) A reviewing court is not required to make an "'independent, unassisted study of the record in search of error . . . .' [Citation.]" (*McComber*, *supra*, at pp. 522-523.) If the party fails to provide both citation to legal authority and citation to the record in support of his or her contention, the reviewing court may treat the issue as waived. (*Ibid.*; *Duarte*, *supra*, at p. 856.) Herrera has provided no reasoned argument or analysis as to how, or to what extent, the court's continuance of the hearing on Wiebe's motion to set aside default affected her case. We therefore deem the issue waived.

### III.  REFUSING TO INSTRUCT OPPOSING COUNSEL PROPERLY

Next, Herrera faults Judge Reilly for entertaining opposing counsel's demands regarding Herrera's cell phone records, which allegedly would show that Herrera was improperly texting witnesses during the hearing despite being instructed not to communicate with witnesses. Herrera contends that "Judge Reilly demonstrated biases and tried to bend over backwards to meet every demand opposing counsel suggested." She further claims Judge Reilly failed to address Wiebe's counsel as being in "contempt

4

of court" for confronting Herrera about her texting without Herrera's counsel's permission.

After reviewing the record of the hearing, we reject Herrera's claim for the following reasons. To begin with, we note that Judge Reilly allowed Herrera considerable leeway in introducing irrelevant evidence regarding claims that Wiebe committed domestic violence and was homosexual. However, none of this evidence was relevant to the issue before the court. In contrast, Herrera's text, which allegedly involved manipulation of witnesses' testimonies for the hearing, was arguably relevant to Wiebe's motion to set aside default. Was Herrera telling witnesses what to say? Nonetheless, even if we were to assume some error on the trial court's part, Herrera fails to demonstrate how such error prejudiced her case. (*McLaughlin*, *supra*, 82 Cal.App.4th at p. 337.) Further, she offers no citations to authority, no citations to the record, or any reasoned argument or analysis as to how any alleged judicial bias affected the final outcome of her petition for nullity of marriage which was not ruled upon. (*McComber*, *supra*, 72 Cal.App.4th at pp. 522-523; *Duarte*, *supra*, 72 Cal.App.4th at p. 856.) Although the court set aside Wiebe's default, it maintained a temporary restraining order. For the above reasons, we deem the issue waived.

## IV. ALLOWING WIEBE TO SUBMIT FRAUDULENT DOCUMENTS

Herrera contends the trial court allowed Wiebe to lie to the court about his true residence and allowed his attorney to help him facilitate this lie. She claims the internet document that showed Wiebe did not live at the address where he was allegedly served was a forgery; however, it is not part of the record on appeal, and Herrera has been

5

unable to obtain a copy of it. Herrera faults the judge for accepting the document into evidence. She further comments on other witnesses' testimonies, claiming they were fraudulent. We reject her challenges for the following reasons.

Although Herrera claims a document was fraudulent, such document is not part of the record on appeal. Thus, we are unable to evaluate this issue. (*Aguilar v. Avis Rent A Car System, Inc.* (1999) 21 Cal.4th 121, 149 ["[i]f the record furnished is insufficient to establish the merits of an appellant's legal position, it is the appellant who bears the risk of uncertainty caused by the lacuna"].) Regarding the credibility of the witnesses' testimonies, it is not this court's job to resolve credibility issues. "If the trial court's resolution of the factual issue is supported by substantial evidence, it must be affirmed. [Citation.]" (*Winograd v. American Broadcasting Co.* (1998) 68 Cal.App.4th 624, 632.) "'It is not our task to weigh conflicts and disputes in the evidence; that is the province of the trier of fact.' [Citation.] Alternatively stated, we do not evaluate the credibility of the witnesses or otherwise reweigh the evidence. [Citation.] Rather, 'we defer to the trier of fact on issues of credibility. [Citation.]' [Citation.]" (*Escamilla v. Department of Corrections & Rehabilitation* (2006) 141 Cal.App.4th 498, 514-515.)

## V. SUBMISSION OF IMPROPER AND INCOMPLETE MOTIONS

Next, Herrera claims that Wiebe's counsel mailed a motion to be relieved as counsel "to an address where she had full knowledge that [Wiebe] did NOT reside." She argues that counsel used the address to "deceive the court as to her client's residence." She further claims Wiebe's counsel was allowed to file an improper motion to compel without providing points and authorities. It appears Herrera is claiming that Wiebe's

6

counsel submitted perjured evidence and made misstatements to the trial court. It is unnecessary for us to examine whether or not any factual basis for that contention exists, because Herrera has failed to show how such false evidence or misrepresentations would justify reversal of the trial court's orders.

## VI. TRIAL COURT'S ORDERS

Finally, Herrera contends the trial court abused its discretion in granting the motion to set aside Wiebe's default.

It is the policy of the law to favor, whenever possible, a hearing on the merits. (*Bonzer v. City of Huntington Park* (1993) 20 Cal.App.4th 1474, 1477-1478.) Upon application, a court may relieve a party of a judgment, dismissal, order or other proceedings taken against him or her through mistake, inadvertence, surprise, or excusable neglect. Applications for discretionary relief must be made within six months after the judgment, dismissal, order or proceeding was taken. (Code Civ. Proc., § 473, subd. (b).) A motion for relief from a default or a default judgment is addressed to the sound discretion of the trial court, and an appellate court will not interfere unless there is a clear showing of an abuse of that discretion. (*In re Marriage of Connolly* (1979) 23 Cal.3d 590, 597-598; *Stafford v. Mach* (1998) 64 Cal.App.4th 1174, 1180.)

We have reviewed the record and conclude the trial court did not abuse its discretion in setting aside both Wiebe's default and the permanent restraining order. Wiebe's request to set aside the default was served one month after Herrera requested entry of default. Clearly, Wiebe did not drag his heels. He claimed that his lack of filing

7

a response was a result of never being served with notice of the action.  We, like the trial court, find his claim to be plausible.

### III.  DISPOSITION

The orders are affirmed.  Costs on appeal shall be awarded to Wiebe.


                                       HOLLENHORST

                                                           J.

We concur:


RAMIREZ
                         P.J.

KING
                         J.