Filed 12/14/15  In re Bryant B. CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re BRYANT B. et al., Persons Coming Under the Juvenile Court Law. | B261455, B263113 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>STEVEN B.,<br><br>    Defendant and Appellant. | (Los Angeles County<br><br>Super. Ct. No. CK89794) |

        APPEALS from orders of the Superior Court of Los Angeles County, Tony L. Richardson, Judge, and Emma Castro, Juvenile Court Referee.   Affirmed.

        Joseph D. MacKenzie, under appointment by the Court of Appeal, for Defendant and Appellant.

        Mary C. Wickham, Interim County Counsel, Dawyn R. Harrison, Assistant County Counsel, and Tyson B. Nelson, Deputy County Counsel, for Plaintiff and Respondent.

                    _____

**INTRODUCTION**

Steven B. appeals from two orders denying his requests to represent himself in his children's dependency proceedings. We affirm both orders.

**FACTUAL AND PROCEDURAL BACKGROUND**

A.    *The First Appeal*

1.    *The Children's Detention and the Original Petition*

In March 2013 the Los Angeles County Department of Children and Family Services removed Bryant B., Brandon B., and B.B. from the home of their mother, Tia T., and their father, Steven B., and placed them with their maternal grandmother, Kellye T. The Department filed a petition under section 300 of the Welfare and Institutions Code[1] alleging, among other things, that Tia T. and Steven B. had "a history of engaging in violent altercations in the presence of the children" and that Tia T. had allowed Steven B. to reside in the home with unlimited access to the children in violation of a valid restraining order. Steven B. attended the initial hearing on the petition, and the juvenile court appointed counsel to represent him. The court ordered that the children remain detained with Kellye T. and that Steven B. and Tia T. have monitored visits.

In May 2013 the Department amended the petition to add allegations concerning Tia T.'s failure to obtain and comply with the terms of treatment for diagnosed mental and emotional problems and her drug use. The juvenile court held the jurisdiction

---

[1]    Statutory references are to this code.

hearing on the amended petition on October 2, 2013.[2] Steven B. attended the hearing, represented by appointed counsel, and pleaded no contest. After sustaining the petition as further amended at the hearing, the court proceeded to disposition. The court declared the children dependents of the court pursuant to section 300, subdivision (b), removed them from their parents' custody, and ordered them suitably placed. The court ordered reunification services for Steven B., including drug testing, anger management counseling, compliance with mental health assessment recommendations, and monitored visitation with the children. The court set a six-month review hearing pursuant to section 366.21, subdivision (e), for April 2, 2014.

### 2. *The Section 342 Subsequent Petition*

On October 17, 2013 the Department filed a subsequent petition pursuant to section 342 alleging that on October 11, 2013 Steven B. had stabbed to death Kellye T., the children's maternal grandmother and caretaker. Steven B. was in custody and not present for the initial hearing on the subsequent petition.

On February 27, 2014 the court held the continued jurisdiction hearing on the subsequent petition. Steven B. was incarcerated and was not present, but was represented by appointed counsel. The court sustained the subsequent petition and apparently proceeded immediately to disposition, ordering that its October 2, 2013 suitable placement order for the children remain in effect and that reunification services continue for Steven B. The court ordered the six-month review hearing (§ 366.21, subd. (e)) to remain on April 2, 2014.

---

[2] The court had held a hearing to determine jurisdiction on June 21, but continued the proceeding in order to hear a motion by Steven B. pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 requesting appointment of new counsel. The record does not provide any information about the issues raised by this motion or their resolution.

3.    *The Six-Month Review Hearing (§ 366.21, subd. (e))*

After several continuances, the court held the six-month review hearing on June 30, 2014.[3]  Steven B. was present in custody, and through appointed counsel he contested the Department's recommendation that the court terminate family reunification services for him.  The court received several Department reports into evidence and heard argument from counsel.  Against the Department's recommendation, the court continued reunification services for Steven B.  The court then set a 12-month, permanency hearing pursuant to section 366.21, subdivision (f), for December 30, 2014.

4.    *The 12-Month, Permanency Hearing (§ 366.21, subd. (f))*

Steven B. was present and in custody for the 12-month, permanency hearing on December 30, 2014.  The Department had again recommended that the court terminate his reunification services.  The court began the hearing, however, by noting that Steven B. had filed, among other papers, a request that the court relieve his appointed counsel and give him permission to represent himself.  The court then held a closed hearing on the request in order to hear from Steven B. and his appointed counsel.  At the conclusion of the closed hearing, the court denied Steven B.'s request to represent himself and ordered appointed counsel to continue representing him.  Citing *In re A.M.* (2008) 164 Cal.App.4th 914, the court found that permitting Steven B. to represent himself "would impair his own children's right to a prompt resolution of all issues and would be unduly disruptive of the proceedings."  The court also found that Steven B. was not competent to represent himself in the matter and had received "more than adequate representation by his present counsel."  After a brief discussion with all counsel again present, the court

---

[3]    At least one of these continuances resulted from Steven B.'s inability to attend because of his incarceration.  At a hearing on April 9, 2014, the court relieved Steven B.'s previously appointed counsel and appointed new counsel from the same firm, for reasons not explained by the record or the parties' briefs.

continued the 12-month, permanency hearing and set it for contest on March 4, 2015. On December 31, 2014 Steven B. filed a timely notice of appeal from the court's December 30, 2014 order denying his request to represent himself.

      B.     *The Second Appeal*

Steven B., still in custody, attended the contested 12-month, permanency hearing on March 4, 2015. The court began by noting that Steven B. had again requested that the court relieve his appointed counsel and allow him to represent himself. After hearing further from Steven B., the court again denied his request to represent himself and ordered appointed counsel to continue to represent him.[4] The court again cited *In re A.M.*, *supra*, 164 Cal.App.4th 914, and the concern for a prompt resolution of the children's dependency court status. The court continued the contested 12-month, permanency hearing to April 3, 2015, noting that Steven B. would continue to receive family reunification services in the interim.

On March 16, 2015 Steven B. filed a timely notice of appeal from the court's March 4, 2015 order denying his request to represent himself.[5]

---

[4]     The minute order incorrectly states that the court granted Steven B.'s request to represent himself. The transcript of the hearing makes clear, however, that the court denied his request.

[5]     In his notice of appeal, Steven B. raises several issues in addition to the court's denial of his requests to represent himself. Because his brief addresses only the denial of his requests for self-representation, he has abandoned any other remaining issues. (See *Behr v. Redmond* (2011) 193 Cal.App.4th 517, 538 [failure to brief issue constitutes a waiver or abandonment on appeal]; *In re Daniel M.* (2003) 110 Cal.App.4th 703, 707, fn. 4 [parent waived appellate review of issue by not raising it in opening brief].)

# DISCUSSION

"Section 317, subdivision (b) has been interpreted to give a parent in a juvenile dependency case a statutory right to self-representation.  [Citation]  This right is statutory only; a parent in a juvenile dependency case does not have a constitutional right to self-representation."[6]  (*In re A.M.*, *supra*, 164 Cal.App.4th at p. 923.)  The right of self-representation in a dependency case "must *always* be weighed against the child's right to a prompt resolution of the dependency proceeding."  (*Id.* at p. 925.)  "Thus, the juvenile court has discretion to deny [a parent's] request for self-representation when it is reasonably probable that granting the request would impair the child's right to a prompt resolution of custody status or unduly disrupt the proceedings."  (*Id.* at pp. 925-926, italics omitted.)  Moreover, "[b]ecause a parent's right to self-representation in a juvenile dependency proceeding is statutory, rather than constitutional, our review of the assertion of the right to self-representation is evaluated under the harmless error standard of *People v. Watson* (1956) 46 Cal.2d 818, 836.  [Citation.]  Under that standard, we ascertain whether it appears reasonably probable [the parent] would have obtained a more favorable result if the juvenile court had granted his [or her] requests for self-representation."  (*In re A.M.*, at p. 928; see *In re Angel W.* (2001) 93 Cal.App.4th 1074, 1085 ["[s]ince the right of self-representation in a dependency proceeding is statutory rather than constitutional, denial of the right is analyzed under the ordinary principles of harmless error"].)

---

[6]  Section 317, subdivision (b), provides:  "When it appears to the court that a parent or guardian of the child is presently financially unable to afford and cannot for that reason employ counsel, and the child has been placed in out-of-home care, or the petitioning agency is recommending that the child be placed in out-of-home care, the court shall appoint counsel for the parent or guardian, unless the court finds that the parent or guardian has made a knowing and intelligent waiver of counsel as provided in this section."

Steven B. argues that the juvenile court abused its discretion by denying his requests for self-representation on December 30, 2014 and March 4, 2015. Steven B.'s argument has some merit. There is little in the record to suggest that allowing Steven B. to represent himself would have caused any disruption or undue delay in the dependency proceedings. (See *In re A.M.*, *supra*, 164 Cal.App.4th at pp. 925-926.)

Even if the juvenile court erred in denying Steven B.'s motions to represent himself, however, any such error was harmless because Steven B. has not shown a reasonable probability that he would have obtained a more favorable result had the court granted those requests. (See *In re A.M.*, *supra*, 164 Cal.App.4th at p. 928; *In re Angel W.*, *supra*, 93 Cal.App.4th at p. 1085.) Indeed, despite his acknowledgment that we review the juvenile court's denials for "prejudicial abuse of discretion" and the Department's argument that any error by the court was harmless, Steven B. does not even argue that he suffered any prejudice as a result of the court's denials of his requests to represent himself. (See *Holmes v. Petrovich Development Co.* (2011) 191 Cal.App.4th 1047, 1073 [alleged error was harmless where appellant presented no "coherent argument" of prejudice]; *In re Marriage of McLaughlin* (2000) 82 Cal.App.4th 327, 337 [any error was harmless where appellant did not offer any argument of prejudice and did not point to evidence in the record that would support a finding of prejudice].)

Nor does the record suggest that Steven B. suffered any such prejudice. The court denied Steven B.'s first request to represent himself at the 12-month, permanency hearing on December 30, 2014. The court then continued that hearing to March 4, 2015 without considering the Department's recommendation that the court terminate Steven B.'s reunification services or making any other ruling on the merits. Steven B. appealed the next day. On March 4 the court denied Steven B.'s second request for self-representation, and again continued the contested 12-month, permanency hearing without considering the Department's recommendation that the court terminate reunification services, or making any other substantive rulings. The court made no other rulings before Steven B. appealed this order on March 16. Thus, from the time the court denied Steven B.'s first request to represent himself to the time he filed his second appeal, the record

reflects no adverse "results" that might have been more favorable to Steven B. had the court granted his request to represent himself.[7] (*In re A.M.*, *supra*, 164 Cal.App.4th at p. 928.) Therefore, any error in the juvenile court's orders denying Steven B.'s two requests to represent himself was harmless.[8]

## DISPOSITION

The juvenile court's December 30, 2014 and March 4, 2015 orders denying Steven B.'s requests to represent himself are affirmed.

SEGAL, J.

We concur:

ZELON, Acting P. J.                                    BECKLOFF, J.[*]

---

[7]     Steven B.'s opening brief in the second appeal (he did not file a reply brief) discusses events only through the March 4, 2015 hearing. He states in his brief: "The current appeal includes the proceedings subsequent to December 30, 2014, through March 4, 2015." The record, however, includes a minute order dated April 3, 2015 that states the court again continued the contested proceeding and continued reunification services for Steven B.

[8]     We do not decide whether the juvenile court's December 30, 2014 and March 4, 2015 orders denying Steven B.'s requests to represent himself are reviewable on appeal from orders at the hearing pursuant to section 366.26, or whether Steven B. must make another request to represent himself at that hearing to preserve the issue for appellate review.

[*]Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8