Filed 8/22/25  Kostiv & Associates v. Sejudo Padilla CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| KOSTIV & ASSOCIATES, APLC, | B340973 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. 21STCV45709 |
| ELENA ESTHER SEJUDO PADILLA et al., | |
| Defendants and Appellants. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Daniel S. Murphy, Judge. Affirmed.

Law Offices of Ashton Watkins and Ashton R. Watkins for Defendants and Appellants.

Law Office of A. George Glasco and A. George Glasco for Plaintiff and Respondent.

Appellants and defendants Crystal Jewelry Trends, LLC (Crystal Jewelry), Diego Gonzalez, and Elena Esther Sejudo Padilla appeal a judgment entered against them and in favor of plaintiff and respondent Kostiv & Associates, APLC (Kostiv). Defendants contend the trial court abused its discretion by prohibiting Gonzalez and Padilla from testifying remotely at trial. They also argue that the trial court erroneously ruled on Kostiv's cause of action for aiding and abetting breach of fiduciary duty because the claim was dismissed before trial. Lastly defendants argue there was no substantial evidence to support the court's ruling in Kostiv's favor on its conversion cause of action. Finding no reversible error, we affirm.

## BACKGROUND

Gonzalez began working for Kostiv in 2016 and served as its finance director from 2017 to the end of his employment in December 2021. From July 2016 to May 2017, Padilla also worked for Kostiv. Padilla owns Crystal Jewelry and is involved in a romantic relationship with Gonzalez, which they did not disclose to Kostiv.

The operative first amended complaint originally asserted 14 causes of action against numerous defendants. Relevant to this appeal, the complaint alleges that, between January 2020 and October 2021, Crystal Jewelry repeatedly billed Kostiv for services it did not provide. Without Kostiv's consent, the complaint alleges, Gonzalez and Padilla charged two of Kostiv's debit cards to pay these bills. According to the complaint, Gonzalez omitted the charges from Kostiv's financial reports and conspired with Padilla to embezzle the funds Kostiv paid to Crystal Jewelry.

2

By the time of trial, the only causes of action remaining were Kostiv's claims against Crystal Jewelry, Padilla, and Gonzalez for fraudulent misrepresentation, breach of fiduciary duty, and conversion. Of relevance here, the trial court previously dismissed Kostiv's claim for aiding and abetting breach of fiduciary duty.

After a bench trial, the trial court found that, between January 2020 and October 2021, Gonzalez facilitated Kostiv's payment of $237,164 to Crystal Jewelry for services that he knew Kostiv never received. The court also found that Gonzalez did not include these payments in Kostiv's income and expense reports, and that he did not advise Kostiv of his relationship with Padilla or Padilla's ownership of Crystal Jewelry. Based on these findings, the trial court found Gonzalez liable for breach of fiduciary duty, all defendants liable for conversion, and Padilla and Crystal Jewelry liable for aiding and abetting Gonzalez's breach of fiduciary duty. The court determined that due to defendants' actions, Kostiv sustained $237,164 in damages and was entitled to judgment in its favor in that amount.

Defendants timely appealed from the judgment.

## DISCUSSION

I.    *The trial court's denial of Crystal Jewelry's request that Gonzalez and Padilla testify remotely*

Defendants make three related arguments concerning Gonzalez and Padilla not testifying at trial. Their main contention is the trial court abused its discretion by not allowing them to testify remotely. By doing so, they further contend, the court denied Gonzalez and Padilla their right to testify and offer evidence at trial, and their right to cross-examine witnesses.

3

The latter arguments are based on erroneous assumptions. There is nothing in the record indicating the trial court prohibited Gonzalez and Padilla from coming to court and offering evidence. The courthouse doors were open to them. There is also no evidence in the record indicating that Gonzalez and Padilla were unable to appear personally at trial for some practical reason.[1] And there is nothing in the record indicating that Gonzalez and Padilla, who were self-represented, requested to appear remotely at trial. All we can discern from the record is that Crystal Jewelry requested three times to call Gonzalez and Padilla as remote witnesses at trial. The issue we must decide is whether defendants met their burden on appeal of showing the trial court abused its discretion in denying these requests.

A party's request to appear remotely at trial is governed by Code of Civil Procedure section 367.75 (section 367.75). The statute provides that "the court may require a party or witness to appear in person" if it "determines on a hearing-by-hearing basis that an in-person appearance would materially assist in the determination of the" hearing "or in the effective management or resolution of the particular case." (§ 367.75, subd. (b)(3).) Upon motion of any party, "the court may conduct a trial or evidentiary hearing, in whole or in part, through the use of remote technology, absent a showing by the opposing party as to why a remote appearance or testimony should not be allowed." (*Id.* subd. (d)(1).)

---

[1] Defendants claim, without citation to the record, that Gonzalez and Padilla "live in Mexico and were not allowed to travel to the United States due to unrelated immigration issues." There is nothing in the record to support this assertion.

Defendants argue that the trial court failed to make the necessary findings under section 367.75. As to Gonzalez and Padilla, they have forfeited this argument because they did not make a section 367.75 motion in the trial court. (See *Howitson v. Evans Hotels, LLC* (2022) 81 Cal.App.5th 475, 489 ["the failure to raise an issue in the trial court typically forfeits on appeal any claim of error based on that issue"].)

We also reject Crystal Jewelry's claim that the trial court failed to comply with section 367.75. Crystal Jewelry's first request that Gonzalez and Padilla testify remotely occurred at the final status conference (FSC) on May 23, 2024. The trial court's minute order of that date states, "Witnesses must be present to testify." It states nothing about a request by Crystal Jewelry. In its statement of decision, the trial court briefly described the matter under its summary of the case's procedural history. The court stated: "At the FSC, Defendant [Crystal Jewelry] orally requested that Gonzalez and Padilla testify remotely. Plaintiffs objected to any party testifying remotely, and plaintiffs had timely served a notice to appear for trial that was not objected to. The court advised the parties at the FSC that all witnesses must appear in person to testify at trial and that the trial date was firm."

The minute order and statement of decision provide sparse and incomplete information about what happened at the final status conference. Without a reporter's transcript for that proceeding or a suitable substitute, such as an agreed or settled statement (see Cal. Rules of Court, rules 8.134 & 8.137), we cannot review whether the trial court rendered the findings required under section 367.75 when denying Crystal Jewelry's request at that time. By failing to provide a transcript or an

5

adequate equivalent, defendants have failed to fulfill their duty to provide us with " 'an adequate record . . . establishing error.' " (*Hotels Nevada, LLC v. L.A. Pacific Center, Inc.* (2012) 203 Cal.App.4th 336, 348 (*Hotels Nevada*).)  We therefore treat the argument as forfeited and resolve this issue against them.  (*Ibid.*)

Crystal Jewelry's oral request at the final status conference to conduct part of the trial remotely was also procedurally deficient.  "Notice to the court must be given by filing a *Notice of Remote Appearance* (form RA-110)."  (Cal. Rules of Court, rule 3.672(h)(2)(C)(ii).)  Crystal Jewelry failed to file the required form.

On June 3, 2024—the day before the trial was scheduled to begin—Crystal Jewelry filed a document titled "Request to Permit Parties and Witnesses to Appear at Trial Remotely." (Capitalization omitted.)  Attached to the request was a declaration by Ashton Watkins, Crystal Jewelry's counsel. Watkins stated no facts in his declaration regarding why Gonzalez and Padilla could not appear in person at trial. Instead, he stated, "I expect the self-represented parties will appear remotely at the trial tomorrow and will agree to give testimony remotely."  This request was untimely because it failed to give the other parties and the court at least 10 days' notice. (Cal. Rules of Court, rule 3.672(h)(2)(C)(i).)  The request also did not—as defendants contend—demonstrate that its untimeliness should have been excused due to "good cause, unforeseen circumstances, or . . . [to] promote access to justice."  (Cal. Rules of Court, rule 3.672(j)(2).)

Crystal Jewelry's third and final request that Gonzalez and Padilla testify remotely occurred on June 4, 2024, the first day of trial.  We again do not know what, if anything, the trial court

said in response to this request because defendants failed to provide the court with a reporter's transcript for the proceedings, or an appropriate substitute.  In the procedural history section of the statement of decision, the trial court stated: "[O]n June 4, 2024, the first day of trial, [Crystal Jewelry] orally requested Gonzalez and Padilla testify by telephone.  The court determined that in this trial an in-person appearance of witnesses would materially assist in the resolution of this particular case and that [Crystal Jewelry's] request was untimely."

Crystal Jewelry forfeited its argument that the trial court's findings were insufficient because it failed to provide a transcript of the proceedings or a suitable substitute.  (See *Hotels Nevada*, *supra*, 203 Cal.App.4th at p. 348.)  Further, on the record before us, the trial court correctly determined that the request was untimely.  (See Cal. Rules of Court, rule 3.672(h)(2)(C)(i).)[2]

Defendants thus have failed to demonstrate that the trial court abused its discretion by denying Crystal Jewelry's requests to call Gonzalez and Padilla as a remote witnesses at trial.

II.   *Aiding and abetting breach of fiduciary duty*

Defendants next contend that the trial court's finding on Kostiv's claim for aiding and abetting breach of fiduciary duty must be reversed, as the claim was dismissed before trial.  This argument fails.  Assuming the court erred in ruling on the disputed cause of action, defendants have made no effort to carry their burden of showing how they were prejudiced by the error.

---

[2]   Without a reporter's transcript or an appropriate equivalent, we cannot review Crystal Jewelry's contention that, at trial, the court "refused to consider" its belated request under California Rules of Court rule 8.3672(j)(2).

7

(See Cal Const., art. VI, § 13; accord, *In re Marriage of McLaughlin* (2000) 82 Cal.App.4th 327, 337.)

We have also reviewed the record and determined the asserted error did not result in a miscarriage of justice. (See *In re Marriage of McLaughlin*, *supra*, 82 Cal.App.4th at p. 337.) Only Padilla and Crystal Jewelry were found liable for aiding and abetting breach of fiduciary duty. But those defendants—along with Gonzalez—were also found liable for conversion based on the same facts. And the trial court awarded the same damages for both causes of action (i.e., $237,164, the amount of funds defendants misappropriated by charging Kostiv for services it never received). We therefore conclude " 'it is [not] reasonably probable that a result more favorable to the appealing part[ies] would have been reached in the absence of the error.' " (*Cassim v. Allstate Ins. Co.* (2004) 33 Cal.4th 780, 800.)

III.   *Conversion*

Lastly defendants challenge the sufficiency of the evidence supporting the trial court's finding on their liability for conversion. Again, they have forfeited their argument by failing to present an adequate record for meaningful appellate review. (See *Hotels Nevada*, *supra*, 203 Cal.App.4th at p. 348.) The minute order for the bench trial states that Kostiv presented the testimony of its owner as part of its case-in-chief. Defendants failed to provide a reporter's transcript of the trial or a suitable substitute. Without a proper record of the proceedings, we cannot determine whether substantial evidence supports the court's finding on the conversion claim and must resolve the issue against defendants. (See *Estate of Fain* (1999) 75 Cal.App.4th 973, 992 [where a reporter's transcript has not been provided,

appellate courts presume "the unreported trial testimony would demonstrate the absence of error"].)

## DISPOSITION

The judgment is affirmed.  Respondent shall recover its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


TAMZARIAN, J.

We concur:



COLLINS, Acting P.J.



MORI, J.



9