Filed 3/10/26  Marriage of C.C. and V.Z. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

|  |  |
|---|---|
| In re the Marriage of C.C. and V.Z. | |
| C.C., | E085238 |
| Respondent, | (Super. Ct. No. FLRI2301023) |
| v. | OPINION |
| V.Z., | |
| Appellant. | |

APPEAL from the Superior Court of Riverside County.  Sharunne Foster, Judge.

Affirmed.

V.Z., in pro. per. for Appellant.

No appearance for Respondent.

## I.

## INTRODUCTION

V.Z. appeals the family court's entry of a one-year domestic violence restraining order (DVRO) against her obtained by her ex-husband, C.C. We affirm.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

C.C. filed a request for a DVRO against V.Z. on behalf of himself, their two minor sons, and his girlfriend, A.G.[1]

The family court held a hearing on the request on November 19, 2024. A.G. and V.Z.'s parents (the boys' grandparents), G.M. and T.M., testified on C.C.'s behalf. T.V. testified on Z.'s behalf.

G.M. testified about, among other things, the dispute between C.C. and V.Z. over their son B.'s medication. G.M. explained that she and C. have had trouble getting B.'s medicine because V.Z. controls it. V.Z. would not give them the medicine in the original bottles and instead would give it to them in smaller bottles, which would run out and leave B. without enough.

T.M. testified that "CPS workers" came to the house "to interview us"[2] at least four times about the boys' welfare, but he had "lost count" of how many times they had

---

[1] Castaneda's DVRO request is not in the record on appeal.

[2] C.C. lives with G.M. and T.M., so the boys also live at the grandparents' house when C.C. has custody of them.

come. He also testified that the police had showed up at least three times in the previous six months to conduct welfare checks on the boys. T.M. believed CPS and the police showed up each time because Z. had called them.

After hearing from all the witnesses and receiving the parties' offered evidence, the family court granted C.C.'s request for a DVRO against V.Z. The court found several grounds justified granting the request, including V.Z.'s controlling and restraining their son's medication and her calling CPS and the police, which the court found to be harassing and an attempt to control the boys when in C.C.'s custody. The court therefore entered a one-year DVRO, which expired in November 2025. V.Z. timely appealed.

III.

DISCUSSION

V.Z. contends the family court erred in five different ways. We reject all five arguments.[3]

First, V.Z. argues the family court erred in issuing the DVRO because C.C. failed to timely serve her several exhibits before the hearing, which prevented her from adequately representing herself at the hearing. V.Z. forfeited this argument by failing to assert it in the family court. (See *Bitner v. Department of Corrections & Rehabilitation* (2023) 87 Cal.App.5th 1048, 1065 ["Having failed to raise or develop this issue in the

_____

[3] We note that this appeal is arguably moot because the DVRO expired in November 2025, but we exercise our discretion to address the merits. (See *San Diego Police Dept. v. Geoffrey S.* (2022) 86 Cal.App.5th 550, 564 ["Ordinarily, an appeal from an expired restraining order is moot because the appellate court cannot grant any effective relief from an expired order."].)

3

trial court, plaintiffs cannot raise the issue for the first time on appeal."].) In any event, V.Z. fails to explain how she was prejudiced by C.C.'s alleged failure to timely serve her with the exhibits. She does not attempt to explain (1) what the exhibits are, (2) why she could not adequately respond to them without proper notice and, most importantly (3) why she would have obtained a better result had C.C. timely served the exhibits before the hearing. (See *In re Marriage of McLaughlin* (2000) 82 Cal.App.4th 327, 337 [appellant must prove prejudice to obtain reversal].)

Second, and relatedly, V.Z. argues the family court erred because C.C. did not timely serve an "exhibit packet" (an exhibit list and copies of the exhibits) to the family court or her. Again, V.Z. forfeited this argument by failing to assert it in the trial and, in any event, she has failed to show how she was prejudiced by C.C.'s alleged failure to timely serve the documents.

Third, V.Z. contends the family court erred because C.C.'s three testifying witnesses ignored the bailiff's orders to go outside the courtroom unless and until they were testifying. V.Z. misstates the record, which shows that all three witnesses were outside of the courtroom before testifying. C.C. told the court that A.G. was "outside," and the court told him to "grab her." Similarly, the court told C.C. to "grab" G.M. and T.M. right after C.C. called them as witnesses, which indicated they were not in the courtroom.

Fourth, V.Z. argues the family court committed numerous errors by allowing C.C.'s witnesses to speculate, rely on hearsay, and lie on the stand. V.Z. has forfeited any

evidentiary objection to this testimony because she did not object at the hearing. (*People v. Delgado* (2017) 2 Cal.5th 544, 580 [appellant forfeited claim of erroneous admission of evidence by failing to object to that evidence below]; *Duronslet v. Kamps* (2012) 203 Cal.App.4th 717, 726 [same].) To the extent V.Z. contends the witnesses were not credible and the family court should not have accepted or relied on their testimony, we reject the claim because we must defer to the family court on issues of credibility. (See *Lenk v. Total-Western, Inc.* (2001) 89 Cal.App.4th 959, 968; *Oldham v. Kizer* (1991) 235 Cal.App.3d 1046, 1065.)

Fifth, V.Z. argues at length that the family court erred in numerous ways by: (1) making her rephrase a question to use the word "control" during her cross-examination of C.C. about his claim she was "controlling" their son's medication, which then guided the court's findings underlying the DVRO, (2) making several false and defamatory statements when issuing the ruling granting the DVRO, (3) finding that a video exhibit showed that C.C. did not push her as she and her witness, T.V., claimed, (4) incorrectly finding that she was controlling her son's medication and, in turn, controlling C.C.'s medical decisions, (5) incorrectly finding that she violated a court order by trying to change the boys' school without C.C.'s consent, and (6) incorrectly found that she called CPS and the police to harass and control C.C.

We interpret this series of arguments as an attack on the family court's reasons for issuing the DVRO. We find no error in the order.

Under the DVPA, a court may issue a protective order "'to restrain any person for the purpose of preventing a recurrence of domestic violence and ensuring a period of separation of the persons involved' upon 'reasonable proof of a past act or acts of abuse.'" (*In re Marriage of F.M. & M.M.* (2021) 65 Cal.App.5th 106, 115.) "Abuse" under the DVPA includes "behavior that has been or could be enjoined pursuant to [s]ection 6320" (Fam. Code, § 6203 subd. (a)(4)). Family Code [s]ection 6320, in turn, permits an order enjoining, among other things, a party from "molesting, attacking, striking, stalking, threatening, . . . harassing, telephoning . . . contacting, either directly or indirectly, by mail or otherwise, . . . or disturbing the peace of the other party." (Fam. Code, § 6320, subd. (a).)

The DVPA defines "disturbing the peace of the other party" as "conduct that, based on the totality of the circumstances, destroys the mental or emotional calm of the other party. This conduct may be committed directly or indirectly, . . . and by any method or through any means including, but not limited to, telephone, online accounts, text messages, internet-connected devices, . . . or other electronic technologies." (Fam. Code, § 6320, subd. (c).) This includes "coercive control, which is a pattern of behavior that in purpose or effect unreasonably interferes with a person's free will and personal liberty. Examples of coercive control include, but are not limited to, unreasonably engaging in any of the following. . . . [¶] . . . [¶] . . . [¶] . . . [¶] . . . Controlling, regulating, or monitoring the other party's movements, communications, daily behavior, finances,

economic resources, or access to services." (*Ibid*.)  Coercive control also includes using force or intimidation to compel the victim to act a certain way.  (*Id*., subd. (c)(1)-(5).)

We review the family court's order granting a DVRO for an abuse of discretion. (*In re Marriage of Everard* (2020) 47 Cal.App.5th 109, 123.)  "'To the extent that we are called upon to review the trial court's factual findings, we apply a substantial evidence standard of review.' [Citation.]" (*In re Marriage of G.* (2017) 11 Cal.App.5th 773, 780.) We must affirm if any basis in the record exists for issuing a DVRO.  (See *Love v. State Dept. of Education* (2018) 29 Cal.App.5th 980, 988.)

Substantial evidence supports the family court's finding that V.Z. unlawfully harassed C.C., which supports the family court's issuance of the DVRO.  (See Fam. Code §§ 6203, subd. (a) [definition of abuse]; 6320 [abusive conduct].)  The family court found V.Z. called CPS and the police numerous times to conduct baseless welfare checks on the boys.  G.M., T.M., and C.C. all testified that CPS and the police showed up at the household on multiple occasions, and V.Z. presented no credible evidence that these calls and resultant welfare checks were necessary.  Based on this testimony, the family court reasonably found that V.Z. made the calls in order to harass C.C.  That, without more, provided the family court substantial evidence to issue the DVRO.  (See *Perez v. Torres-Hernandez* (2016) 1 Cal.App.5th 389, 398 ["Annoying and harassing an individual is protected in the same way as physical abuse."]; *Jan F. v. Natalie F.* (2023) 96 Cal.App.5th 583, 594 [making multiple baseless reports to police is harassment under DVPA].)

## IV.

## DISPOSITION

The family court's DVRO is affirmed.  C.C. may recover his costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>CODRINGTON</u>
J.

We concur:


<u>McKINSTER</u>
Acting P. J.


<u>MILLER</u>
J.